*Txluhman O. J.
The question in this case is, whether the watch of David Harrod was taken from his person by force. It has been contended with considerable ingenuity, that the offence does not amount to robbery, because the watch was taken secretly without the knowledge of Harrod, and without his being in any fear of being robbed, although he wras in fear of being beaten. I will premise that in forming my judgment, I have felt myself less disposed to encourage subtle distinctions in favor of the prisoner, now that his life is not at stake, than I should have done if the crime of *349 robbery had been punishable with death. Still however, in this as in every other criminal case, the greatest caution must be used not to stretch the principles of the law beyond their established limits. To constitute a robbery there must be a felonious taking of property from the person of another by force. This force may be either actual or constructive. Actual force is applied to the body, constructive is by threatening words or gestures, and operates on the mind. It is impossible, in any definition, to comprehend all cases which may arise. As the different cases are presented, the question will be whether they fall substantially within the principles of the definition. Accordingly it has been held that if the thief induces the party robbed to throw down his purse through fear, and then takes it up, it is a forcible taking from the person. In such case, the purse is not actually taken from the person, nor is there any force in the act of taking it up from the ground. But the law would be of little use if it could be evaded by artifices of this kind. So if a man is knocked down and rendered senseless, and in that situation his money is taken without his knowledge, it shall not avail the thief to say, that it was not taken against the consent of the man whom he had rendered incapable of exercising the faculty of volition. In the present case, the verdict does not expressly find whether the watch -was taken against Harrod’s consent or not, but it finds that he did not know of its being taken; it is certain therefore that it was without his consent. It is found also, that he was in fear not of being robbed but of being beaten. As the watch was not given up through fear, I do not think this part of the verdict material. But fear is not an essential ingredient of robbery; force is sufficient. Now it is expressly found, "'that the prisoner with an intention to steal the watch, (that is with a 'felonious intention) made use of force, seizing Harrod by the cravat with his left hand, and pressing him against the wall, and at the same time took his watch from his fob. It is clear that the prisoner’s violence was the cause of Harrod’s losing his watch. The fear of being beaten diverted his attention from his property, and this fear was produced by force, so that in truth the property was taken by force. The law is not to be evaded by fraudulent contrivances. Here was property taken with a felonious intent accompanied with force. If Harrod was insensible of the taking of his watch, it was because the prisoner had thrown him into fear, by threatening words and an attack on his person. If it was the prisoners intent to obtain the watch under cover of this violence, without the knowledge of the owner, it is *350 to be construed a taking by violence. I think the cases decided on burglary are stronger than this. To constitute burglary, there must be a breaking of the house. Yet if the owner is induced by stratagem to open the house, (such as by crying fire, or pretending that the officers of justice are at the door, and demand admittance) and then the thieves rush in, it has been held to amount to a breaking. I am therefore of opinion, that upon the facts found by this verdict the prisoner is guilty of robbery.
Brackenbxdse J.
Where the law is sanguinary it will be softened in the application to the case. The criminal law of England is sanguinary, and hence it has been softened by the executive pardon, absolute or conditional, of transportation for death. It has been softened by ecclesiastical privilege, or benefit of clergy, extended to all who could read, though laymen, by humane construction of its extent. It has been softened by statute in some cases; and except in treason, by the construction of courts. And even in treason in some particulars, though exacerbated in others. But in homicide it has been considerably mitigated; as for instance, the old rule voluntas reputabitur pro facto, is confined to treason. But is by the verdict of juries, that the rigor of the law has been chiefly mitigated; for where the punishment is severe, it is impossible that humane judges will not be impressed by it, and still more that the popular mind, *from wlilch juries are selected will not have a predisposition to take the case out of the law by an acquittal. In measuring the case by the sentence, a sense of injustice arises; and even in the hands of a rigid judge, will oftentimes stand out against a conviction, where the punishment is beyond what the common mind must feel as inhuman and cruel. Hence it is, that were I on a bench in England, I might be disposed, in applying the law of burglary to a case, to exclude it, and to give a construction that would soften it into that of larceny only; and on the same principle, to reduce a case as in that before us, from robbery which is more penal, by statute excluded in cases from clergy, &c.,to simple larceny only. Were I in that country, where this law and construction of law prevail, I would confine the crime of robbery to a taking from the person openly, the person put in fear and surrendering his property under the impression of fear; not that I would think this a distinction of reason in the morality of the offence, or solid in a common case, but as not coming strictly within the definitions that have been given of the offence, and what the law calls an astutia to *351 mitigate. For in fact the knocking down a man, and taking from him while insensible, and not knowing the object of the violence, is not distinguishable from the taking openly from him who under fear delivers his property, unless with a view to mitigate in applying the law by construction in a case not before adjudged. In our commonwealth under the amelioration of our code, there is not this reason or ground of consideration in our way, in applying the rules of construction, or settling rules which relate to the criminal code. It is humane, and stands in no need of softening in the administration of justice. The public feelings are not at war with it as disproportionate and cruel. I am therefore disposed in this case to be of opinion that it was a robbery, and comes under that denomination.
Judgment that the offence was robbery.