# Commonwealth v. Dantine, Appellant.

*Criminal law—Murder of first degree—Killing in perpetration of robbery—Forcible taking in presence of, but not from person of victim—Charge.*

1. While robbery is the felonious and forcible taking from the person of another of goods or money to any value by violence or putting in fear, the offense is complete if they are taken in the presence of, although not from the person of the owner, by putting in fear.

2. A conviction of murder of the first degree will be sustained where it appears that the dead body of a woman was found in a beaten condition at her home late at night; that her bureau drawer had been pried open and $70 taken therefrom; that the bedroom showed evidence of a violent struggle; that on the evening of the murder defendant was arrested and admitted he had committed the crime; that defendant's clothes were spotted with blood and he bore numerous scratch marks; that just before his arrest he had displayed a roll of bills and stated that he had $50, although he was almost without funds just before the commission of the crime.

Argued April 22, 1918. Appeal, No. 54, Oct. T., 1918, by defendant, from judgment of O. T. Westmoreland Co., Nov. T., 1917, No. 1, on verdict of guilty of murder of the first degree in case of Commonwealth of Pennsylvania v. John Baptist Dantine. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Indictment for murder.　Before McCONNELL, J.

From the record it appeared that on the night of February 17, 1917, the dead body of Louise Delare, a woman sixty-five years of age, was found on the floor of an enclosed porch, just outside the kitchen door of her home at Jeannette, Pa.

The deceased was badly beaten and had come to her death as the result of violence inflicted upon her body.

At three o'clock on the afternoon of the same day the decedent's son gave her $70, which she put in a bureau drawer in the bedroom.　The son then went to Pittsburgh and did not return home until late that night when he found his mother dead, and the bedroom showing evidence of a violent struggle.　The drawer in which the $70 had been put had been forced open and the money taken.

The defendant was arrested later the same night.　The condition of his raincoat and trousers then indicated that they had been recently washed.　There was blood on his raincoat, spectacles, and on his underwear.　There were scratches on defendant and finger marks on the back of his raincoat.

There was evidence that on the evening of the murder defendant was in the washroom of a hotel in Jeannette washing his raincoat and trousers, that immediately thereafter he boarded a street car on which he several times displayed a roll of bills, stated that he had $50, and paid a stranger's car fare.

It appeared that the day of the commission of the crime was pay day at the plant at which defendant worked, and that he had received only $2.50, and on the pay day of the previous week had been paid only $9.25. A short time before February 16, 1917, he borrowed money from a friend stating that he was out of funds. He had not paid his board bill for months.

The defendant admitted that he had committed the crime to officers in the lockup after his arrest and later in jail to his brother in the presence of a friend.

Assignment of Error—Opinion of the Court.    [261 Pa.

The jury found a verdict of guilty of murder of the first degree, upon which sentence of death was subsequently passed.    Defendant appealed.

*Error assigned,* among others, was the charge of the court.

*James L. Kennedy,* for appellant.—The killing was not perpetrated in the commission of the robbery as there was no evidence that anything was forcibly taken from the person: Commonwealth v. Snelling, 4 Binney 379; Commonwealth v. Mills & Adams, 3 Pa. Superior Ct. 161.

*C. Ward Eicher,* with him *Nevin A. Cort,* District Attorney, for appellee.—The offense of robbery is committed whenever the taking is resisted and the resistance is overcome by violence: Jackson & Dean v. The State, 69 Ala. 249; Burke v. The State of Georgia, 74 Ga. 372.

PER CURIAM, June 3, 1918:

The contention of the Commonwealth on the trial of the prisoner was that he killed the deceased in the perpetration of, or the attempt to perpetrate robbery, and that his offense was, therefore, murder of the first degree under the statute.    The jury found him guilty of that crime, and, on this appeal from the judgment pronounced against him, his main complaint is that the learned trial judge erred in defining robbery to the jury. While it is the felonious and forcible taking from the person of another of goods or money to any value by violence or putting in fear, the offense is complete if they are taken in the presence of the owner by violence or putting in fear.    In other words, it is not necessary for the completion of the offense that they be taken from the person of the owner: 2 East P. C. C. 16, section 124; 2 Roscoe's Criminal Evidence, 935; 2 Wharton's Criminal Law, section 1081; Trickett's Pennsylvania Criminal Law, 664; United States v. Jones, No. 15494 Federal

Cases, 663.   The first four assignments are dismissed. The ingredients necessary to constitute murder of the first degree having been proved to exist, the fifth assignment is overruled and the judgment is affirmed, with direction that the record be remitted for the purpose of execution.