**Commonwealth v. Ferdinand**

*Karen E. Kuebler,* for Commonwealth.
*Joseph L. Amendola,* for defendant.

KISTLER, *J.,* December 17, 2007—Presently before this court is the petition for writ of habeas corpus challenging the magisterial district judge's holding defendant for court filed by Michaelson P. Ferdinand, defendant.

## BACKGROUND

On October 8, 2007, defendant was observed taking items from Macy's without paying for them by a Macy's security manager. The security manager confronted the defendant outside the entrance to the store. She identified herself as security personnel and asked him to return to the store to discuss the merchandise he had taken. The defendant replied that he did not know what the security manager was talking about and took out his cell phone. The security manager believed that the defendant may be calling someone to pick him up, and opened her cell phone to call 9-1-1. Defendant then grabbed the secu-

rity manager's phone from her hand and ran away. The security manager testified that it happened so fast she had no time to react. The security manager then chased the defendant across the parking lot while another Macy's employee called 9-1-1.

Officer John R. Wolfe Jr. responded to the call and located the defendant crawling through a field across the street from Macy's. The defendant was apprehended with $458.70 worth of merchandise from Macy's in his possession. The security manager's cell phone was never located. Defendant was subsequently charged with robbery, theft by unlawful taking or disposition, retail theft, criminal mischief, and harassment.

## DISCUSSION

Defendant contends that he did not use the required force or have the requisite intent to sustain the charge of robbery and, therefore, the Commonwealth has failed to establish a prima facie case.

The Commonwealth establishes a prima facie case when it produces evidence that, if accepted as true, would warrant the trial judge to allow the case to go to a jury. *Commonwealth v. Marti,* 779 A.2d 1177, 1180 (Pa. Super. 2001). The prima facie standard does not require proof beyond a reasonable doubt; rather, the standard requires the existence of evidence for each element of the crime charged. *Id.*

The defendant is charged with robbery pursuant to 18 Pa.C.S. §3701(a)(1)(v), which provides: "A person is guilty of robbery if, in the course of committing a theft, he physically takes or removes property from the person of another by force however slight." The degree of force

is immaterial, as long as it is sufficient to separate the victim from his property. *Commonwealth v. Brown,* 506 Pa. 169, 174-75, 484 A.2d 738, 741 (1984). The force may be either actual or constructive. *Id.*

"Any injury to the victim, or any struggle to obtain the property, or any resistance on his part which requires a greater counterattack to effect the taking is sufficient" to show actual force. *Brown,* 506 Pa. at 176, 484 A.2d at 741. The security manager testified that she did not try to hold on to her cell phone and that it happened so quickly that she had no time to react. The defendant merely snatched the phone from the security manager's hand. There was no struggle, resistance or injury during the incident that would prove the use of actual force.

Constructive force is the use of threatening words or gestures, which either frighten or surprise the victim into yielding the property. *Id.* The security manager testified that the incident happened too quickly for her to react, but that she did chase the defendant across the parking lot. There is no evidence that the defendant used any threatening words or gestures or that the security manager was frightened. She was surprised by the defendant when he took the phone. However, to establish sufficient force, there must be evidence that the victim was aware of the force and, because of the force, feels compelled to part with her property. *Commonwealth v. Williams,* 379 Pa. Super. 538, 543, 550 A.2d 579, 582 (1988). There is no evidence that the security manager felt compelled to part with her cell phone as the defendant took it from her hand.

The Commonwealth has not shown evidence that the defendant used sufficient force to sustain the charge of

robbery. Therefore, it is not necessary to discuss whether the defendant had the requisite intent to commit the crime.

## ORDER

And now, December 17, 2007, the defendant's petition for writ of habeas corpus is hereby granted, and the charge of robbery is hereby dismissed.