**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1525
_____

UNITED STATES OF AMERICA

v.

KENDALE RAHMEL HOLLINS,
a/k/a BOO,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3-11-cr-00002-001)
District Judge: Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 20, 2012

Before: McKEE, *Chief Judge*, SLOVITER, and VANASKIE, *Circuit Judges*.

(Filed: March 7, 2013)

_____

OPINION OF THE COURT
_____

VANASKIE, *Circuit Judge.*

This appeal presents the question of whether conspiracy to commit robbery "by

force however slight" constitutes a "crime of violence" under the career offender

1

provisions of the United States Sentencing Guidelines. Because we agree with the District Court that Appellant's conspiracy to commit robbery conviction is a "crime of violence," we will affirm the District Court's sentence and judgment.

I.

In the summer of 2010, Appellant Kendale Rahmel Hollins sold crack cocaine to a confidential informant on three separate occasions. In total, 79.5 grams of crack cocaine were sold. Hollins was indicted on February 8, 2011. Counts One and Two of the Indictment alleged that Hollins distributed five grams or more of cocaine base on June 8, 2010 and June 16, 2010, respectively, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). Count Three charged Hollins with distribution of less than twenty-eight grams of cocaine base on August 11, 2010, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Hollins entered a plea of guilty to all Counts.

Hollins' distribution of 79.5 grams of crack cocaine yielded a base offense level of 26. *See* U.S.S.G. § 2D1.1(c)(7). Following a three-level reduction for timely acceptance of responsibility, Hollins' net offense level was 23. Hollins, however, had two prior convictions that implicated the career offender enhancement under U.S.S.G § 4B1.1 – a prior drug trafficking offense for delivery of cocaine and a conviction for conspiracy to commit robbery under 18 Pa. Cons. Stat. Ann. §§ 903(a)(1) and 3701(a)(1)(v). Application of the career offender enhancement resulted in a net offense level of 29, and a criminal history category of VI.

Hollins objected to being designated as a career offender, arguing that the conspiracy conviction was not a crime of violence. The government contended that a

conspiracy to commit robbery constituted a "crime of violence" as that term is defined in U.S.S.G. § 4B1.2. The District Court agreed with the government, and set the advisory guidelines imprisonment range at 151 to 188 months, instead of the 70 to 87 month range produced by Hollins' offenses. Nevertheless, the District Court granted a substantial downward variance, ultimately sentencing Hollins to 120 months of incarceration. Hollins now appeals.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Whether a prior offense qualifies as a crime of violence for purposes of the career offender enhancement is a question of law over which we exercise plenary review. *United States v. Marrero*, 677 F.3d 155, 159 (3d Cir. 2012) (citation omitted).

## A.

Hollins first argues that under no circumstances may the crime of conspiracy qualify as a crime of violence. Specifically, he asserts that under Pennsylvania law, "conspiracy plainly does not have as an element the use, attempted use, or threatened use of physical force against the person of another." (Appellant's Br. at 23.) This argument does not comport with the text of the Sentencing Guidelines. Application Note 1 to U.S.S.G. § 4B1.2 specifically states that "[f]or purposes of this guideline – 'Crime of violence' . . . include[s] the offense[] of . . . *conspiring*, and attempting to commit such offenses." (emphasis added). Accordingly, the fact that Hollins was convicted of conspiracy to commit robbery does not preclude a determination that he committed a

3

"crime of violence." *See United States v. Hawkins*, 139 F.3d 29, 34 (1st Cir. 1998) (citation omitted) ("We have also unequivocally held that *conspiracy* to commit a crime of violence, as defined in the career offender guidelines, is itself a crime of violence for purposes of its treatment under the Guidelines.").

The Guidelines define "crime of violence" as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> > (1) *has as an element the use, attempted use, or threatened use of physical force against the person of another*, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (emphasis added). The first subsection of U.S.S.G. §4B1.2(a) is referred to as the "elements clause," and the second subsection as the "residual clause."

The Pennsylvania robbery statute at issue here provides that: "(1) A person is guilty of robbery if, in the course of committing a theft, he . . . (v) physically takes or removes property from the person of another by force however slight . . . ." 18 Pa. Cons. Stat. Ann. § 3701(a)(1)(v). The career offender enhancement is appropriate if this offense qualifies as a "crime of violence" under either the elements clause or the residual clause of U.S.S.G. § 4B1.2(a).

Hollins argues that his prior conviction did not meet the elements clause definition for a crime of violence, asserting that "conspiracy to commit robbery by force however slight does not have 'as an element the use, attempted use, or threatened use of physical

4

force against the person of another . . . .'" (Appellant's Br. at 15.) (quoting U.S.S.G. § 4B1.2(a)(1)). We specifically rejected this argument in *United States v. Cornish*, 103 F.3d 302 (3d Cir. 1997), stating:

> Cornish was convicted of third degree robbery pursuant to 18 Pa. Cons. Stat. Ann. § 3701(a)(1)(v), which requires that in the course of committing a theft, a person "physically takes or removes property from the person of another *by force however slight*." 18 Pa. Cons. Stat. Ann. § 3701(a)(1)(v) (emphasis added). Based on a literal reading of the statute, the interpretation of § 3701 by the Pennsylvania Supreme Court, and this circuit's decisions in *Watkins* and *Preston*, we find that any conviction for robbery under the Pennsylvania robbery statute, regardless of the degree, has as an element the use of force against the person of another. We hold that Cornish's conviction for third degree robbery is a "violent felony" pursuant to 18 U.S.C. § 924(e)(2)(B)(i) and the district court erred in failing to apply the enhanced penalties of § 924(e).[1]

*Id.* at 309.

Significant doubt, however, has been cast on our holding in *Cornish* by *Johnson v. United States*, 130 S. Ct. 1265 (2010). In *Johnson*, the Court observed "that in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Id.* at 1271. The Court held in *Johnson* that a prior battery conviction under Florida law was not a "violent felony" under the elements clause of the ACCA definition of that term

---

[1] A number of the cases we cite in our analysis, like *Cornish*, involve enhancements under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), rather than the United States Sentencing Guidelines career offender enhancement, U.S.S.G § 4B1.1. Because of the significant similarity of the definitions of "violent felony" under the ACCA and "crime of violence" under the Sentencing Guidelines, these precedents "nevertheless bind our analysis." *Marrero*, 677 F.3d at 160 n.1 (citations omitted).

found in 18 U.S.C. § 924(e)(2)(B), because the Florida Supreme Court defined battery as "*any* intentional physical contact, 'no matter how slight.'" *Id.* at 1270 (citation omitted). If, as the Court in *Johnson* concluded, "*any* intentional physical contact, 'no matter how slight,'" *id.*, does not fall within the elements clause of the definition of "violent felony" found in ACCA – "any crime . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. 924(e)(2)(B)(i), it stands to reason that "physically tak[ing] or remov[ing] property from the person of another *by force however slight*," 18 Pa. Cons. Stat. Ann. § 3701(a)(1)(v) (emphasis added), fails to qualify as a "crime of violence" under the similarly-phrased elements clause of U.S.S.G. § 4B1.2(a)(1). This is especially true in light of the fact that the Pennsylvania Supreme Court, like the Florida Supreme Court in the battery context, previously held that "any amount of force applied to a person while committing a theft brings that act within the scope of robbery under [§ 3701(a)(1)(v)]," and "[t]he degree of actual force is immaterial, so long as it is sufficient to separate the victim from his property in, on or about his body." *Commonwealth v. Brown*, 484 A.2d 738, 741 (Pa. 1984). If under *Johnson* "physical force" under the elements clause must mean something more than any minor contact, robbery by force, however slight, no longer satisfies this particular definition of a crime of violence.

B.

We turn then to the definition of crime of violence in the residual clause set forth in U.S.S.G. § 4B1.2(a)(2).[2]  As the Eleventh Circuit observed in *United States v. Welch*, 683 F.3d 1304 (11th Cir. 2012), *Johnson* does not impact our analysis "under the residual clause," which separately examines whether "the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." *Id.* at 1313 (quoting *James v. United States*, 550 U.S. 192, 208 (2007)) (internal quotation marks omitted).

In *United States v. Polk*, 577 F.3d 515, 518 (3d Cir. 2009), we recognized that to qualify as a crime of violence under the residual clause, "an offense must (1) present a serious potential risk of physical injury *and* (2) be 'roughly similar, in kind as well as degree of risk posed, to . . . burglary, arson, extortion, or use of explosives. . . .'" (Quoting  *Begay v. United States*, 553 U.S. 137, 143 (2008)).  In other words, at least in the context of a crime that requires knowing or intentional conduct, such as Pennsylvania's robbery in the third degree, as opposed to strict liability crimes or crimes based only upon negligence or recklessness,[3] a crime of violence is one that categorically

---

[2] Significantly, unlike in *Johnson,* where the government disclaimed reliance on the residual clause definition of "violent felony" found in ACCA, 130 S. Ct. at 1274, the government preserved this argument before the District Court in the matter before us. (*See* A. 143.)

[3] In *Begay*, the Court stated that the listed crimes of burglary, arson, extortion, and use of explosives had common attributes of "purposeful, 'violent,' and 'aggressive' conduct," and so it was proper to consider whether driving under the influence, the crime at issue in *Begay*, involved such conduct.  In *Sykes v. United States*, 131 S. Ct. 2267, 2276 (2011), however, the Court explained that the "purposeful, violent and aggressive conduct" analysis was limited to crimes that involved "strict liability, negligence or

7

poses a serious risk of physical injury similar to the risks posed by one of the enumerated crimes in the residual clause – burglary, arson, extortion, or use of explosives.  Indeed, a number of other Courts of Appeals have concluded that it is the risk of physical injury posed by the crime in question, and not the degree of force used or threatened, that is controlling.  *See, e.g.*, *United States v. Chitwood*, 676 F.3d 971, 979 (11th Cir. 2012) (conviction under Georgia's false imprisonment statute qualifies as a crime of violence for career offender enhancement); *United States v. Meeks*, 664 F.3d 1067, 1070 (6th Cir. 2012) (wanton endangerment under Kentucky law involves both intentional conduct and risk of physical injury akin to the enumerated offenses so as to qualify as a crime of violence); *United States v. Rodriguez*, 659 F.3d 117, 119 (1st Cir. 2011) ("Because larceny from the person 'requires theft from either the victim's person or the victim's immediate vicinity,' . . . 'a sufficiently serious potential for confrontation and physical injury invariably exists' such that larceny from the person qualifies as a crime of violence.") (quoting *United States v. De Jesus*, 984 F.2d 21, 24 (1st Cir.1993)) ; *United States v. Watson*, 650 F.3d 1084, 1093 (8th Cir. 2011) ("[P]ossession of a firearm while committing a drug trafficking offense presents a serious potential risk of physical injury to another, and . . . such risk is similar, in kind as well as degree of risk posed, to the enumerated offenses.").

We must therefore decide whether robbery by force however slight is a crime that creates a risk of physical injury similar to burglary, arson, extortion, or the use of

---

recklessness."  Robbery does not fall within the category of crimes to which the Court in *Sykes* relegated the "purposeful, violent, and aggressive conduct" analysis.

8

explosives. We must answer this question utilizing the categorical approach. *See James*, 550 U.S. at 202. That is, "we consider whether the *elements of the offense* are of the type that would justify its inclusion within the residual provision, without inquiring into the specific conduct of this particular offender." Id.

The Eleventh Circuit in *Welch* considered a crime akin to Pennsylvania's robbery in the third degree. 683 F.3d at 1311. At issue in *Welch* was Florida's "robbery by sudden snatching," which in terms of seriousness is "in between larceny and robbery." *Id.* at 1311 (citation omitted) (internal quotation marks omitted). The Eleventh Circuit held that this crime "ordinarily involves substantial risk of physical injury to the victim," because "[t]he victim's natural reaction is likely to be to try to hold on to his or her money or property, leading in many cases to serious injury." *Id.* at 1313. In support of this observation, the Eleventh Circuit cited *McCloud v. State*, 355 So. 2d 257, 258 (Fla. 1976), where the victim died from injuries sustained in a fall after a purse snatching.

Hollins admits that 18 Pa. Cons. Stat. Ann. § 3701(a)(1)(v), like the Florida offense at issue in *Welch*, is essentially "purse snatching." (Appellant's Br. at 15.) Hollins contends, however, that we should not follow *Welch* "because the Florida statute construed there differs from the Pennsylvania statute at issue here in at least one critical respect." (Reply Br. at 15.) As Hollins explains, Pennsylvania courts, unlike Florida courts, "interpret the phrase taking 'from the person of another' to include a taking from the presence *or control* of the victim, explicitly rejecting the idea that the phrase requires the taking to be from the victim's actual physical possession." (Reply Br. at 15.) (citation omitted).

9

We find this distinction insignificant. Of the enumerated offenses in the residual clause – burglary, arson, extortion, or the use of explosives – robbery by force however slight is most similar to burglary. In *James*, the Supreme Court explained that the risk of physical injury in a burglary springs as much from the response of any occupant of the building or person coming to the scene, as it does from the perpetrators:

> The main risk of burglary arises not from the simple physical act of wrongfully entering onto another's property, but rather from the possibility of a face-to-face confrontation between the burglar and a third party—whether an occupant, a police officer, or a bystander—who comes to investigate. That is, the risk arises not from the completion of the burglary, but from the possibility that an innocent person might appear while the crime is in progress.

550 U.S. at 203. Similarly, a serious risk of potential physical injury is created during a robbery by force however slight not only in the completion of the crime itself, but also in the possible responses to it – a victim may realize what is occurring and resist; a third party may witness the crime and attempt to intervene. It is immaterial to this risk analysis whether the property taken is actually in the victim's physical possession, or simply under the victim's control. Accordingly, we hold that robbery by force however slight qualifies as a crime of violence under the residual clause of U.S.S.G. § 4B1.2(a).

III.

For the foregoing reasons, we will affirm the District Court's judgment.