J-A19031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
LAWRENCE BLOODSAW, :
:
Appellant : No. 3101 EDA 2016

Appeal from the Judgment of Sentence May 5, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0012106-2015

BEFORE: BENDER, P.J.E., DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED AUGUST 21, 2017**

Lawrence Bloodsaw ("Bloodsaw"), appeals from the judgment of sentence imposed following his conviction of robbery.[1] We affirm.

On October 15, 2015, Devon Henderson ("Henderson") was in the Point Breeze neighborhood of Philadelphia. Henderson was carrying a black plastic bag containing a PlayStation 3 gaming console, six video games, and two controllers. As Henderson exited a store, Bloodsaw rode up on his bicycle, grabbed the black plastic bag out of Henderson's hands, and rode away.

Henderson chased after Bloodsaw, but lost sight of him after five minutes. Henderson then called the police. A police officer arrived and drove Henderson around looking for Bloodsaw. Henderson pointed out Bloodsaw in front of a house on Fitzwater Street, where the police officer

---

[1] *See* 18 Pa.C.S.A. § 3701(a)(1)(v).

recovered the black plastic bag. However, one of the games was missing and the PlayStation and one of the controllers no longer worked.

Bloodsaw was arrested and charged with robbery, theft by unlawful taking, and receiving stolen property. The case proceeded to a bench trial, after which, the trial court found Bloodsaw guilty of robbery and not guilty of theft by unlawful taking and receiving stolen property. On May 5, 2016, the trial court sentenced Bloodsaw to two to four years in prison, followed by three years of probation. Bloodsaw filed a Motion for Reconsideration. The Motion was denied by operation of law. Thereafter, Bloodsaw filed a timely Notice of Appeal.[2]

On appeal, Bloodsaw raises the following questions for our review:

A. Was not the evidence insufficient as a matter of law to convict [Bloodsaw] of robbery after the trial court found [Bloodsaw] not guilty of theft and receiving stolen property, and also where there was insufficient evidence of any force threatened or used?

B. Did not the [trial] court abuse its discretion and impose an excessive sentence by sentencing [Bloodsaw] above the aggravated range of the sentencing guidelines where it gave no reason for the departure other than [Bloodsaw's] prior record and where the Commonwealth recommended a guideline sentence?

Brief for Appellant at 4.

In his first claim, Bloodsaw contends that the evidence was insufficient to sustain his conviction for robbery. *Id.* at 14. Specifically, Bloodsaw

---

[2] Because the trial court judge retired, a Pa.R.A.P 1925(b) order was not filed.

argues that the trial court rendered an inconsistent verdict and thus his robbery conviction cannot stand. *Id.* at 14, 22. Bloodsaw asserts that by finding him not guilty of theft, a predicate offense of robbery, the evidence is insufficient to support the robbery conviction. *Id.* at 14, 15, 17-18, 19, 22. Bloodsaw further claims that there was no evidence to support the robbery conviction because no force was used in taking the bag. *Id.* at 22-25.

Our standard for review for a sufficiency of the evidence claim is as follows:

> When reviewing a sufficiency of the evidence claim, an appellate court, viewing the evidence and reasonable inferences in the light most favorable to the Commonwealth as the verdict winner, must determine whether the evidence was sufficient to enable the fact-finder to find that all elements of the offense were established beyond a reasonable doubt.

*Commonwealth v. Hawkins*, 701 A.2d 492, 499 (Pa. 1997).

"A person is guilty of robbery, if, in the course of committing a theft, he … physically takes or removes property from the person of another by force however slight[.]" 18 Pa.C.S.A. § 3701(a)(1)(v). "Any amount of force applied to a person while committing a theft brings that act within the scope of the robbery statute." *Commonwealth v. Bedell*, 954 A.2d 1209, 1213 (Pa. Super. 2008) (citation omitted). "This force may be actual or constructive. Actual force is applied to the body; constructive force is use of threatening words or gestures, and operates on the mind." *Id.* (citations omitted). "The degree of force used to commit a robbery is immaterial, so

long as it is sufficient to separate the victim from the property." ***Commonwealth v. Brown***, 484 A.2d 738, 740 (Pa. 1984).

Here, Bloodsaw, while riding his bicycle, grabbed Henderson's black plastic bag out of his hands and rode away. N.T., 2/22/16, at 9-10. Thus, the evidence was sufficient to demonstrate Bloodsaw took the bag with some force, however slight. ***See Bedell***, 954 A.2d at 1215 (holding that where appellant took a wallet out of the victim's hands, the evidence was sufficient to support a robbery conviction under § 3701(a)(1)(v), as the victim was aware of the taking, which was accomplished with force, however slight); ***see also Commonwealth v. Jones***, 771 A.2d 796, 799 (Pa. Super. 2001) (stating "a purse snatcher … is guilty of robbery as the victim is aware of the force.").

Further, the fact that the verdicts were inconsistent is not grounds for reversal. ***See Commonwealth v. Houck***, 102 A.3d 443, 451 (Pa. Super. 2014) (noting that "Pennsylvania law permits inconsistent verdicts, provided sufficient evidence supports the conviction."); ***see also Commonwealth v. Miller***, 35 A.3d 1206, 1213 (Pa. 2012) (stating "an acquittal cannot be interpreted as a specific finding in relation to some of the evidence, and that even where two verdicts are logically inconsistent, such inconsistency cannot be grounds for a new trial or for reversal."). Thus, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, the evidence was sufficient to support Bloodsaw's robbery conviction.

In his second claim, Bloodsaw challenges the discretionary aspects of his sentence. **See** Brief for Appellant at 10-11, 25.

> An appellant challenging the discretionary aspects of the sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider or modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> ***
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Bloodsaw filed a timely Notice of Appeal, raised his claim in a timely Motion for Reconsideration, and included a Rule 2119(f) Statement in his brief. Bloodsaw's claim that the trial court "double counted" his prior criminal history when imposing an excessive sentence above the aggravated range raises a substantial question. **See Commonwealth v. Goggins**, 748 A.2d 721, 728 (Pa. Super. 2000) (stating that double counting the

defendant's prior record raises a substantial question). Thus, we will review

Bloodsaw's sentencing claim.

Our standard of review is as follows:

Sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias, or ill will. It is more than just an error in judgement.

*Commonwealth v. Downing*, 990 A.2d 788, 792-93 (Pa. Super. 2010)

(citation omitted).

When imposing a sentence, the sentencing court is required to consider the sentence ranges set forth in the Sentencing Guidelines, but it not bound by the Sentencing Guidelines. The court may deviate from the recommended guidelines; they are merely one factor among many that the court must consider in imposing a sentence. A court may depart from the guidelines if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community. When a court chooses to depart from the guidelines however, it must demonstrate on the record, as a proper starting point, his awareness of the sentencing guidelines. Further, the court must "provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S.A. § 9721(b).

When reviewing a sentence outside of the guideline range, the essential question is whether the sentence imposed was reasonable. An appellate court must vacate and remand a case where it finds that "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(c)(3). In making a reasonable determination, a court should consider four factors:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

A sentence may be found unreasonable if it fails to properly account for these four statutory factors. A sentence may also be found unreasonable if the sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing. These general standards mandate that a sentencing court impose a sentence "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

**Commonwealth v. Sheller**, 961 A.2d 187, 190-91 (Pa. Super. 2008). (quotation marks and some citations omitted).

Bloodsaw asserts that the trial court imposed an excessive sentence since there were no aggravating circumstances surrounding the commission of the crime. Brief for Appellant at 25. Bloodsaw also claims that the trial court is not permitted to consider his criminal record as a matter separate from his prior record score and that the court relied almost exclusively upon his prior criminal history. **Id.** at 25, 27, 29.

Here, the trial court considered the pre-sentence investigation report. **See** N.T., 5/5/16, at 2; **see also Downing**, 990 A.2d at 794 (Pa. Super. 2010) (stating "where a trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and

considerations, and that where the court has been so informed, its discretion should not be disturbed") (quotation marks and citations omitted).  Further, the trial court considered the sentencing guidelines, Bloodsaw's extensive criminal history, and rehabilitative needs, including crimes committed while on probation.  *See* N.T., 5/5/16, at 3-6.  Moreover, contrary to Bloodsaw's claim, the trial court acted within its discretion in considering Bloodsaw's criminal history.  *See Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002) (stating that a sentencing court properly "consider[ed] appellant's criminal history as a matter separate from his prior record score" when imposing a sentence that deviates from the guidelines); *see also Commonwealth v. Mills*, 496 A.2d 752, 753-54 (Pa. Super. 1985) (stating that courts are allowed to consider prior conviction history, along with previous unsuccessful attempts to rehabilitate, among other factors in rendering a sentence).  Thus, we conclude that the sentence is not unreasonable and the trial court did not abuse its discretion.  *See Sheller*, 961 A.2d at 191-92 (stating that the trial court did not abuse its discretion in imposing a sentence beyond the aggravated range where the court considered the pre-sentence investigation report, sentencing guidelines, protection of the public, and the appellant's rehabilitative needs).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/21/2017</u>