NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2723
_____

UNITED STATES OF AMERICA

v.

JESSE CAREY,
        Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-18-cr-00037-001)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 29, 2021
_____

Before:  PHIPPS, NYGAARD, and ROTH, *Circuit Judges*.

(Opinion Filed:  July 13, 2021)
_____

OPINION*
_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

Jesse Carey pleaded guilty to two federal drug offenses and was sentenced as a career offender based on two of his prior state-court convictions. He disputes that the second of those prior offenses qualifies as a "crime of violence" under section 4B1.2(a) of the United States Sentencing Guidelines. If that prior conviction – for third-degree Pennsylvania robbery, *see* 18 Pa. Cons. Stat. § 3701(a)(1)(v) – does not constitute a crime of violence under the Guidelines, then Carey would not qualify as a career offender. In that case, the Guidelines range for his sentence would drop dramatically – from 168 to 210 months down to 30 to 37 months. For the reasons below, on *de novo* review, *see United States v. Chapman*, 866 F.3d 129, 131 (3d Cir. 2017), we hold that third-degree Pennsylvania robbery is a crime of violence under the Guidelines, and we will affirm Carey's below-Guidelines sentence of 144 months.

I.

Carey's two federal convictions in the District Court relate to drug-dealing activity in Northeast Pennsylvania. *See* 18 U.S.C. § 3231 (conferring district courts with original jurisdiction over cases arising under federal criminal law).

For the first of those convictions, Carey found the police as much as they found him. While officers were executing a search warrant on Carey's home in Plymouth, Pennsylvania, Carey drove a purple Nissan Maxima into the driveway, only to reverse in a failed attempt to flee. Upon detaining him, police searched Carey and his vehicle,

discovering heroin, cocaine, marijuana, $2,086 in cash, drug paraphernalia, and three cellphones.

A few months later, Carey committed another federal drug crime. As he attempted to enter Mount Airy Casino, Carey produced an identification that casino security personnel doubted. As they began to escort him to the security office, Carey pushed a security officer to get away, but he was taken down. In that scuffle, a black sock containing baggies of cocaine and heroin fell from his pocket. A later search of Carey's person yielded a digital scale, $9,777 in cash, two cellphones, and a fraudulent United States passport.

Based on those events, a federal grand jury in Scranton returned a superseding indictment against Carey for two counts of possession with intent to distribute narcotics in violation of 21 U.S.C. § 841(a)(1). Through an open plea, Carey pleaded guilty to both counts. The Presentence Investigation Report recommended a Sentencing Guidelines range of 30 to 37 months' imprisonment based on an offense level of 12 and a Category VI criminal history. Carey's Category VI criminal history – the highest category – reflected several prior adult criminal convictions. Some of those were violations of New Jersey law: for manufacturing and distributing cocaine; unlawful possession of a handgun; possession or use of a controlled substance; theft; and aggravated assault of a correctional officer. Others were offenses under Pennsylvania law: for third-degree robbery and escape from work release.

Two of Carey's prior state convictions caught the Government's attention. Those were his prior New Jersey conviction for manufacturing and distributing cocaine and his third-degree Pennsylvania robbery conviction. The Government asserted that manufacturing and distributing cocaine, in violation of New Jersey law, constitutes a controlled-substance offense under the Guidelines. *See* U.S.S.G. § 4B1.2(b). It similarly viewed third-degree Pennsylvania robbery as a crime of violence under the Guidelines. *See id.* § 4B1.2(a). Based on that assessment of those two prior offenses, the Government argued that Carey should be sentenced as a career offender – a designation that would increase his sentence to a Guidelines range between 168 and 210 months' imprisonment. Carey did not contest the New Jersey conviction as a controlled-substance offense, but he disputed that third-degree Pennsylvania robbery constitutes a crime of violence.

The District Court determined that third-degree Pennsylvania robbery constitutes a crime of violence under the Guidelines. It reached that conclusion by analyzing third-degree Pennsylvania robbery under both the elements clause and the enumerated-offense clause of the crime-of-violence Guidelines provision. *See* U.S.S.G. § 4B1.2(a)(1) (elements clause); *id.* § 4B1.2(a)(2) (enumerated-offense clause). With that understanding, the District Court used the higher Guidelines range as the baseline but then varied downward because Carey was a low-level drug dealer rather than a kingpin. Ultimately, Carey received a below-Guidelines prison sentence of 144 months, which he timely appealed. *See* 28 U.S.C. § 1291; 18 U.S.C. § 3742.

4

The Guidelines impose three requirements for career-offender status. *See* U.S.S.G. § 4B1.1. The first two are not in dispute here: Carey was eighteen at the time of his current convictions, and his current convictions were each for a "controlled substance offense," which is one way of satisfying the second career-offender element. *Id.* § 4B1.1(a). The third element requires at least two prior felony convictions that each qualify as either a controlled-substance offense or a crime of violence. *See id.* On appeal, Carey does not challenge that his prior felony conviction for manufacturing and distributing cocaine in violation of New Jersey law constitutes a controlled-substance offense. But he argues that his prior Pennsylvania conviction for third-degree robbery is not a crime of violence under the Guidelines.

On this record, Carey's status as a career offender hinges on whether third-degree Pennsylvania robbery satisfies either the elements clause or the enumerated-offense clause of the crime-of-violence Guidelines provision. *See* U.S.S.G. § 4B1.2(a). Looking only at the enumerated-offense clause, Carey is a career offender because third-degree Pennsylvania robbery is a "robbery" within the meaning of that clause. *Id.* § 4B1.2(a)(2).

The crime-of-violence analysis starts with the elements of the prior conviction. Here, the Pennsylvania statute criminalizing robbery lists elements in the alternative, and by so doing, it defines multiple robbery crimes. *See* 18 Pa. Cons. Stat. § 3701(a)(1); *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016); *United States v. Peppers*, 899 F.3d 211, 232 (3d Cir. 2018). For such a "divisible" statute, a court may review judicial

5

record evidence to ascertain a defendant's precise prior conviction. *Descamps v. United States*, 570 U.S. 254, 262 (2013); *see also Shepard v. United States*, 544 U.S. 13, 20 (2005). The state-court record shows that Carey pleaded guilty to third-degree robbery in violation of 18 Pa. Cons. Stat. § 3701(a)(1)(v).

The next analytical step evaluates whether "the prior conviction substantially corresponds to the generic definition of the [enumerated] offense." *United States v. McCants*, 952 F.3d 416, 428 (3d Cir. 2020) (citation and quotation marks omitted). Here, the Guidelines enumerate robbery as an offense. *See* U.S.S.G. § 4B1.2(a)(2). Thus, the precise question becomes whether third-degree Pennsylvania robbery substantially corresponds to the generic robbery offense. To commit third-degree robbery under Pennsylvania law, a person must "in the course of committing a theft, . . . physically take[] or remove[] property from the person of another *by force however slight*." 18 Pa. Cons. Stat. § 3701(a)(1)(v) (emphasis added). By comparison, an accepted federal generic definition of robbery is "the taking of property from another person or from the immediate presence of another person by force or by intimidation." *McCants*, 952 F.3d at 428–29 (citation omitted). Critically, "generic robbery requires no more than *de minimis* force." *United States v. Graves*, 877 F.3d 494, 503 (3d Cir. 2017). These articulations are similar, and Pennsylvania's requirement of "force however slight" substantially corresponds to the *de minimis* force needed for the generic offense. *Compare Commonwealth v. Brown*, 484 A.2d 738, 741 (Pa. 1984) (defining "force however slight" to encompass "any amount of force applied to a person while committing

6

a theft," including both actual and constructive force), *with Graves*, 877 F.3d at 503

(defining "*de minimis* force" to require no injury to the victim).  Accordingly, Carey's

conviction for third-degree Pennsylvania robbery constitutes a crime of violence under

the enumerated-offense clause of the Sentencing Guidelines.  *See* U.S.S.G. § 4B1.2(a)(2).

\* \* \*

Carey's conviction for third-degree robbery in Pennsylvania, coupled with his

prior conviction for a controlled-substance offense, renders him eligible for the career-

offender enhancement.  The District Court applied that enhancement, and we will

accordingly affirm Carey's judgment of sentence.