J-S18034-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHNNIE ARTECE MCCOLLUM, | : | |
| | : | |
| Appellant | : | No. 198 MDA 2015 |

Appeal from the Judgment of Sentence January 6, 2015
in the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0001292-2014

BEFORE:    BOWES, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:              **FILED APRIL 13, 2016**

Johnnie Artece McCollum (Appellant) appeals from the aggregate sentence of five to fifteen years of imprisonment imposed following a jury's convicting Appellant of multiple counts of theft-related crimes.  We affirm in part and vacate in part.

> This case involves a home invasion armed robbery which took place at 3512 Green Street in Camp Hill, Pennsylvania.  On March 29, 2014, the victim, Ko Fan Chang, a 44-year-old male, procured the services of two young women who were working as prostitutes.  The women were ages 17 and 18.  The victim took the two women to dinner at the Pizza Hut in Silver Spring Township and then back to his residence in Camp Hill.  This was the fourth time Mr. Chang had met with the women.

> The women, Brittany Shupp and Rangina Barechzai, had met [Appellant] and [his co-defendant,] Deontre Goss [the Defendants, collectively)], a few weeks before and they eventually discussed a plan to rob one of the [women's] clients. [Shupp] testified that on March 29 after arriving at Mr. Chang's home, [Barechzai] texted the victim's address to Defendants

*Retired Senior Judge assigned to the Superior Court.

while she distracted the victim in the bedroom. The Defendants came to the victim's home while the women were still there. After they entered the home, Mr. Goss held a gun to the victim's head. The victim was placed on the floor and [Shupp] tied him up with an electrical cord. [Shupp] testified that she saw [Appellant] getting stuff from the house. Overall, the Defendants stole two laptop computers, an attaché case containing approximately $500.00 in cash, and credit cards and a digital camera. Total restitution ordered in the case was $2,378.05. After taking the victim's property, [Appellant] went to get the car and the women and Defendants fled the scene together. The victim could not identify the male Defendants at trial.

The two women were eventually identified through their use of a webpage entitled "Backpage.com." They were listed on this website as providing adult entertainment services. When arrested, the two agreed to cooperate with police and the District Attorney. They testified at trial that [Appellant] and Mr. Goss were the men who committed the robbery.

Trial Court Opinion, 7/31/2015, at 4-5 (footnotes omitted).

Appellant was charged with, and convicted of, three counts of robbery, one count of theft by unlawful taking, and four counts of conspiracy.[1] On January 6, 2015, Appellant was sentenced as indicated above.[2] Appellant

---

[1] Specifically, Appellant was convicted for violations of the following subsections of the crimes code along with a conspiracy to commit each of them: § 3701(a)(1)(ii) (robbery-threatens with or intentionally puts another in fear of immediate serious bodily injury); § 3701(a)(1)(iv) (robbery-inflicts bodily injury upon or threatens with or intentionally puts another in fear of immediate bodily injury); § 3701(a)(1)(v) (robbery-physically takes or removes property form the person of another by force however slight); and § 3921(a) (theft by unlawful taking).

[2] The aggregate sentence results from a three-to-ten-year sentence on the (a)(1)(ii) robbery conviction and a consecutive two-to-five-year sentence on the conviction for conspiracy to commit the (a)(1)(ii) robbery. The trial

timely filed a notice of appeal. The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant eventually complied.[3]

Appellant presents this Court with 11 questions: challenges to the sufficiency of the evidence to sustain each of his eight convictions; a contention that the trial court erred in denying a motion to transcribe proceedings; and two claims that he was prejudiced by the Commonwealth's failure to provide him with information. Appellant's Brief at 5.

We first address Appellant's sufficiency arguments.

> Our standard of review for a challenge to the sufficiency of the evidence is *de novo*, but our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner. Evidence is sufficient if it can support every element of the crime charged beyond a reasonable doubt. The trier of fact, while passing upon the credibility of witnesses and the weight of the proof, is free to believe all, part, or none of the evidence.

*Commonwealth v. Robinson*, 128 A.3d 261 (Pa. Super. 2015) (*en banc*) (citations omitted).

---

court determined that the remaining convictions merged for sentencing purposes.

[3] No 1925(b) statement was filed initially. By order of May 29, 2015, this Court remanded the case for a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988), and, pursuant to Pa.R.A.P. 1925(c)(3), the filing of a concise statement. After a hearing, original counsel was permitted to withdraw and current counsel was appointed. Current counsel then filed a 1925(b) statement and Appellant's brief.

We begin with the elements of the crimes at issue.[4]

A person is guilty of robbery if, in the course of committing a theft, he:

* * *

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

* * *

(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury; [or]

(v) physically takes or removes property from the person of another by force however slight….

18 Pa.C.S. § 3701(a)(1). "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921(a).

To prove criminal conspiracy, "the Commonwealth must establish that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and, (3) an overt act was done in furtherance of the conspiracy."

---

[4] Although Appellant states eight separate sufficiency questions, the argument section of his brief regarding evidentiary sufficiency is divided into only three sections discussing (1) the robbery convictions, (2) the conspiracy-to-commit-robbery convictions, and (3) the theft and conspiracy to commit theft convictions. For ease of disposition of the sufficiency challenges, we will analyze together all of the convictions.

*Commonwealth v. Fisher*, 80 A.3d 1186, 1190 (Pa. 2013) (citation and internal quotation marks omitted).

> [M]ere association with the perpetrators, mere presence at the scene, or mere knowledge of the crime is insufficient to establish that a defendant was part of a conspiratorial agreement to commit the crime. There needs to be some additional proof that the defendant intended to commit the crime along with his co-conspirator. Direct evidence of the defendant's criminal intent or the conspiratorial agreement, however, is rarely available. Consequently, the defendant's intent as well as the agreement is almost always proven through circumstantial evidence, such as by the relations, conduct or circumstances of the parties or overt acts on the part of the co-conspirators.

*Commonwealth v. Murphy*, 844 A.2d 1228, 1238 (Pa. 2004) (citations and internal quotation marks omitted). "[W]here the conduct of the parties indicates that they were acting in concert with a corrupt purpose, the existence of a criminal conspiracy may properly be inferred." *Commonwealth v. Yong*, 120 A.3d 299, 312 (Pa. Super. 2015). "Non-exclusive circumstances that may establish proof of a conspiracy include: (1) an association between alleged conspirators; (2) knowledge of the commission of the crime; (3) presence at the scene of the crime; and (4) participation in the object of the conspiracy." *Id.*

> Further, once it has been established that a conspiracy existed,

> each individual member of the conspiracy is criminally responsible for the acts of his co-conspirators committed in furtherance of the conspiracy. The co-conspirator rule assigns legal culpability equally to all members of the conspiracy. All co-conspirators are responsible for actions undertaken in furtherance of the conspiracy regardless of their individual

- 5 -

knowledge of such actions and regardless of which member of the conspiracy undertook the action.

***Commonwealth v. Lambert***, 795 A.2d 1010, 1016-17 (Pa. Super. 2002) (quoting ***Commonwealth v. Galindes***, 786 A.2d 1004, 1011 (Pa. Super. 2001)).

Appellant claims that the evidence at trial failed to establish that he ever agreed to the plan of Goss, Shupp, and Barechzai to rob one of the prostitutes' clients or take anyone's property. Appellant's Brief at 19, 20. Rather, he maintains that he was merely present during the planning conversation and was "merely present when th[e] property was in fact stolen." ***Id.***

With his argument, Appellant not only fails to view the evidence in the light most favorable to the Commonwealth, he actually neglects to acknowledge some of the most incriminating evidence against him. Both Shupp and Barechzai testified that Appellant was part of the conversation about the women getting out of prostitution by robbing one of their clients. N.T., 12/2-3/2014, at 56-57, 97-98. Barechzai testified that the plan was for the women to find out where Chang lived "and then let [Goss and Appellant] know and then they would do everything." ***Id.*** at 98.

While Shupp distracted Chang in the bedroom, Barechzai texted Chang's address to Goss and asked "them if they were coming or not…." ***Id.*** at 99. The text Barechzai received in response indicated that "they were

supposed to come in and strong arm." *Id.* at 62. Appellant and Goss entered Chang's house, with Goss brandishing a gun. *Id.* at 100-01. Chang ran out of the bedroom and encountered Goss, who aimed the gun at Chang and told him to get to the ground. *Id.* at 63-64. After Chang got onto the floor, "[Appellant] was, like, getting some of the stuff from the house, like, the laptops and quarters." *Id.* at 64. When all the loot was gathered, "[Appellant] went to get the car," and all four Defendants left together. *Id.* at 65. In all, two laptops, a cell phone, a camera, a wallet, and cash were taken from Chang. *Id.* at 65, 102-103. Defendants split the cash, and Goss was the last one seen with the electronics. *Id.* at 66, 103.

This evidence shows that Appellant had an association with Goss, Shupp, and Barechzai. Appellant not only knew of the commission of the robbery and entered Chang's apartment with Goss after Barechzai texted him the address, but he also actively participated in the robbery by gathering Chang's property. Appellant further went for the getaway car and shared in the proceeds of the crimes. The Commonwealth showed that Appellant was not merely present at the scene of the crime; rather, it offered evidence of the conspirators' conduct to show "that they were acting in concert with a corrupt purpose...." *Yong*, 120 A.3d at 312. Therefore, "the existence of a criminal conspiracy may properly be inferred." *Id.* Accordingly, Appellant's claim that the evidence was insufficient to show that

he was part of an agreement to commit the robbery of Chang's apartment and theft of Chang's movable property fails.[5]

There is no question that the evidence was sufficient to establish that Chang was threatened and placed in fear of immediate, serious bodily injury during the robbery. Chang testified that one of the men whom he encountered upon exiting the bedroom had a gun, stepped on Chang's back after he got onto the floor, and pressed the gun to the back of Chang's head while instructing the other man to find some electrical cord with which to tie Chang's hands behind his back. N.T., 12/2-3/2014, at 29-30. This was sufficient to establish that Chang was put in fear of serious bodily injury during the course of the robbery. *See*, *e.g.*, *Commonwealth v. Gillard*, 850 A.2d 1273, 1275 (Pa. Super. 2004) (affirming conviction for robbery with threat of serious bodily injury where "the evidence at trial demonstrated that Appellant had pointed his gun at the four patrons in the bar, and forced them to the back of the room facing the wall while he robbed the cash register"). Given the establishment of Appellant's conspiracy culpability, it does not matter that Goss, rather than Appellant, had the firearm and threatened Chang with it, or which of the conspirators carried away Chang's property. Appellant is equally culpable for Goss's actions in furtherance of

---

[5] As will be clear *infra*, our holding here is that Appellant is entitled to no relief as to his convictions for conspiracy to violate subsections 3701(a)(1)(ii), 3701(a)(1)(iv), and 3921(a) (counts two, four, and eight, respectively).

the conspiracy. ***Lambert***, 795 A.2d at 1016. Therefore, the evidence was sufficient to sustain Appellant's convictions for violations of 18 Pa.C.S. § 3701(a)(1)(ii) (serious bodily injury) and (a)(1)(iv) (bodily injury); and 18 Pa.C.S. § 3921 (theft by unlawful taking).

However, Chang testified that, during the robbery, no one took anything from his body or searched his body. N.T., 12/2-3/2014, at 31. Nor did any other witness testify that any property was removed from Chang's possession or control, or that removing property from Chang's person was the object of the conspiracy. Rather, all evidence offered by the Commonwealth related to theft of property found in the apartment but not on Chang's person or within his immediate control. ***Cf. Commonwealth v. Brown***, 484 A.2d 738, 742 (Pa. 1984) (evidence sufficient to sustain conviction under § 3701(a)(1)(v) where defendant snatched purse from the arm of the victim); ***In re C.S.***, 63 A.3d 351, 356 (Pa. Super. 2013) (holding violation of § 3701(a)(1)(v) violation established where clerk backed away and yielded property to the juvenile).

As such, we are constrained to agree with Appellant that the evidence was not sufficient to sustain his conviction under 18 Pa.C.S. § 3701(a)(1)(v) (physically takes or removes property from the person of another) and the related conspiracy count. ***See Commonwealth v. Moore***, 494 A.2d 447, 449 (Pa. Super. 1985) (reversing robbery conviction under § 3701(a)(1)(v)

where evidence failed to show property was taken from the person of another); **accord Commonwealth v. Shamberger**, 788 A.2d 408, 418 (Pa. Super. 2001) (*en banc*) (holding "property need not be taken from the victim's body as long as it is taken in his presence and from his immediate possession and control" when construing "from the person" in a different criminal statute). Therefore, we reverse Appellant's convictions for counts five and six only.[6]

Appellant's remaining claims of error relate to prejudice he allegedly suffered as a result of not having access to statements Shupp made before trial. Appellant first argues that the trial court erred in denying his *pro se* "motion to transcribe testimony, statements, and record of proceedings," filed on July 28, 2014, while Appellant was represented by appointed counsel. Appellant's Brief at 13-15. He also avers that the Commonwealth violated **Brady v. Maryland**, 373 U.S. 83 (1963), by failing to provide him an audio recording of Shupp's preliminary hearing testimony. Finally, Appellant complains that he was prejudiced by the Commonwealth's failure

---

[6] The trial court determined that these convictions merged into counts one and two for sentencing purposes, and it imposed no penalties as to these convictions. Therefore, our holding has no impact on Appellant's sentence and a remand for resentencing is unnecessary. **See**, **e.g.**, **Commonwealth v. Robinson**, 817 A.2d 1153, 1163 n.14 (Pa. Super. 2003) (noting remand for resentencing is unnecessary when this Court's disposition does not upset the trial court's sentencing scheme).

to turn over a video of Shupp's interview with the police until the day before trial.

First, Appellant's *pro se* motion was one of many that he filed while he was represented by counsel. The docket reflects that the clerk of courts docketed the motion and forwarded it to Appellant's counsel, as required by Pa.R.Crim.P. 576(A)(4). The record does not indicate that counsel refiled any similar motion under counsel's signature. "Appellant had no right to hybrid representation and thus no right to demand that the trial court address his *pro se* motions on the merits." **Commonwealth v. Padilla**, 80 A.3d 1238, 1259 (Pa. 2013). Accordingly, we find no error in the trial court's denial of the relief sought in Appellant's *pro se* motion.

Further, the transcript of the pretrial hearing reflects that the Commonwealth represented that Appellant's trial counsel did have "a copy of [Shupp's] testimony at the prelim[,]" and that he was "ready to cross-examine… the witnesses in this case." N.T., 12/1/2014, at 6. Appellant's counsel did not disagree, and went on to add that a detective represented to him that he would receive a copy of a "video interview of some of these people" that day or the next. *Id.* Appellant's counsel neither lodged an objection to the timing of the production of the interview video, nor requested additional time to review it prior to Shupp's testifying. Thus, the record before us reflects that Appellant in fact had the material that is the

- 11 -

subject of his **Brady** claim, and that he waived any issue regarding the timing of the production of the video. **See**, **e.g.**, **Commonwealth v. Houck**, 102 A.3d 443, 451 (Pa. Super. 2014) ("[T]he failure to make a timely and specific objection before the trial court at the appropriate stage of the proceedings will result in waiver of the issue.")  As such, none of Appellant's discovery issues warrants him any relief from this Court.

In sum, Appellant's convictions for count six and count seven are reversed for want of sufficient evidence.  In all other respects, Appellant's judgment of sentence is affirmed.

Judgment of sentence affirmed in part and reversed in part. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2016

- 12 -