494 A.2d 447

**COMMONWEALTH of Pennsylvania**

v.

**Allen MOORE, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 17, 1985.

Filed June 7, 1985.

244

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

DEL SOLE, Judge:

The following issues are presented for our review: 1) Whether Appellant should have been charged and convicted of retail theft, 18 Pa.C.S. § 3929, instead of theft, 18 Pa.C.S. § 3921, and receiving stolen property, 18 Pa.C.S. § 3925; and 2) Whether there was sufficient evidence to convict for third degree felony robbery as defined in 18 Pa.C.S. § 3701(a)(1)(v). For the following reasons, Appellant's conviction for robbery is reversed and the case is remanded to the trial court for resentencing on Appellant's remaining convictions.

The facts in the instant case are undisputed. On February 25, 1982, Appellant entered a supermarket in Philadelphia, walked to the meat counter, picked up a "family-sized" steak and shortly thereafter placed the steak under his jacket. As Appellant proceeded to exit the supermarket with the concealed steak, a plainclothes store security guard, who had witnessed Appellant's activities, approached Appellant and identified himself. The Appellant then threw the steak to the floor and attempted to flee. Before Appellant could escape, he was restrained by the security guard at which time a struggle ensued in which the guard was injured. Appellant was taken into police custody at the supermarket and charged with third degree felony robbery, theft, receiving stolen property and simple assault. On August 12, 1982, Appellant was found guilty on all counts, and following the denial of post-verdict motions was sen-

tenced to two concurrent terms of probation. This timely appeal ensued.

■ The first issue raised by Appellant may be disposed of summarily. This Court has held on at least two occasions that a defendant charged with theft by unlawful taking waives the contention that he or she should have been charged with retail theft when the defendant fails to make a pretrial application to quash the information on that basis. *Commonwealth v. Boerner*, 281 Pa.Super. 505, 422 A.2d 583 (1980); *Commonwealth v. Williams*, 252 Pa.Super. 587, 384 A.2d 935 (1978). A review of the record reveals that while Appellant did file an omnibus pretrial motion nowhere in that motion did he move to quash the theft and receiving stolen property charges in the information on the grounds that he should have been charged with only retail theft. Thus, this contention is waived.

Appellant's second contention is not as easily disposed. At issue is the interpretation of section 3701(a)(1)(v) of the Pennsylvania Crimes Code, 18 Pa.C.S. § 3701(a)(1)(v), which is a portion of the statute defining the crime of robbery. Section 3701 of the Crimes Code defines robbery as follows:

§ **3701. Robbery**

(a) **Offense defined.—**

(1) A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

(iii) commits or threatens immediately to commit any felony of the first or second degree;

(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury; or

(v) physically takes or removes property from the person of another by force however slight.

(2) An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.

**(b) Grading.**—Robbery under subsection (a)(1)(iv) is a felony of the second degree; robbery under subsection (a)(1)(v) is a felony of the third degree; otherwise, it is a felony of the first degree.

18 Pa.C.S. § 3701.

Appellant contends that a conviction for third degree felony robbery under section 3701(a)(1)(v) requires that the theft of property be from the person of another and that the stolen property, the steak, was not taken from another's person including the person of the security guard. Appellant further argues that the property must literally be taken from the person's body and not merely from the presence of the person or from an area under the person's control. Appellant also contends that the force requirement of section 3701(a)(1)(v) was not met since the assault of the security guard was not done in the commission of the theft but rather in the flight after Appellant abandoned the stolen property. For these reasons then Appellant argues that the evidence was insufficient to sustain a conviction for third degree felony robbery.

Conversely, the Commonwealth contends that section 3701(a)(1)(v) does not require that the property be taken from the person's body but that a conviction can be maintained so long as the property was taken from the person's presence or an area under the person's control. The Commonwealth argues that the steak was taken in the presence of the security guard or at least was taken from an area under his control and that these facts are sufficient to satisfy the "taking from the person" requirement. In addition, the Commonwealth takes the position that the force requirement of section 3701(a)(2) which permits force used in the flight after a theft to satisfy the force requirement for robbery even if force was not used in the actual commission of the theft. While we agree that Appellant's literal interpretation of the phrase "taking from the person of

another" must be rejected, we simply cannot agree with the Commonwealth that the steak in this case was taken from the person of another justifying a conviction under section 3701(a)(1)(v). Accordingly, Appellant's robbery conviction must be reversed.[1]

■ Before addressing the merits of the above issue, we note the following. First, the interpretation of the phrase "taking from the person of another" is a case of first impression under the Pennsylvania Crimes Code. While there are Pennsylvania appellate decisions which address a similar issue involving the common law crime of robbery and while it will be seen that those decisions are helpful, we are not expressly bound by those holdings. Second, in interpreting the phrase "taking from the person of another" under section 3701(a)(1)(v), we are aware that we are bound to accept the plain meaning of a statute and are not free to discard that plain meaning to achieve some desired result. 1 Pa.C.S. § 1928(b)(1). However, it is well settled that strict construction does not require that the words of a criminal statute be given their narrowest meaning or that the legislature's intent should be disregarded. *Commonwealth v. Duncan*, 456 Pa. 495, 321 A.2d 917 (1974). In addition, this Court has held that good sense and practicality are always a consideration in statutory construction and that a penal statute should receive the most reasonable and sensible interpretation. *Commonwealth v. Coleman*, 289 Pa.Super. 221, 433 A.2d 36 (1981). With these considerations in mind, we now address the issue at hand.

■ Appellant urges this Court to adopt the literal or plain meaning of the phrase "taking from the person of another" by limiting it to taking from a person's body. However, such an approach is extremely narrow and not a reasonable interpretation of that phrase. While there is no legislative history on the enactment of section 3701(a)(1)(v)

---

1. Since we find that there was no "taking from the person of another" under 18 Pa.C.S. § 3701(a)(1)(v), we need not address the issue of whether Appellant's assault of the security guard would satisfy the force requirement under section 3701(a)(1)(v).

and no case law under section 3701(a)(1)(v), there is case law in Pennsylvania pertaining to common law robbery which holds that a robbery may be committed by a taking from the presence of control or another as well as from the person's body. *Commonwealth v. Crow,* 303 Pa. 91, 154 A. 283 (1931); *Commonwealth v. Dantine,* 261 Pa. 496, 104 A. 672 (1918). We find this case law applicable in light of the Pennsylvania Supreme Court's recent holding in *Commonwealth v. Brown,* 506 Pa. 169, 484 A.2d 738 (1984), that section 3701(a)(1)(v) is a reinstatement of the common law standard for robbery in addition to the other statutorily created categories of robbery.[2] The common law approach is also persuasive because common sense dictates that a person need not be in actual physical possession of property to have it taken from his person and we can envision numerous hypothetical situations to which such an approach would apply. The issue, however, in the instant case is whether the observance of a theft in a retail store of store property by a store security guard or employee *per se* satisfies the requirement of a "taking from the person of another" under section 3701(a)(1)(v). We cannot interpret section 3701(a)(1)(v) so broadly.

 It is readily apparent that the most common crime intended to fall under section 3701(a)(1)(v) is purse snatching, while it certainly is not the only scenario which could come under that statute. In the instant case, there was no purse snatching nor any type of similar situation, but simply a theft in a retail store observed by a store security guard. Were we to adopt the Commonwealth's proposed interpretation of the phrase "taking from the person of another" as it applies to the fact in the instant case, it would lead to the absurd result that a robbery would result every time a retail theft is observed by a store security guard or employee. Such an occurrence is simply not a

**2.** There is a fuller discussion of the crime of common law robbery and the enactment of the robbery statute under the Pennsylvania Crimes Code and specifically the enactment of 18 Pa.C.S., § 3701(a)(1)(v) in *Commonwealth v. Brown,* 506 Pa. 169, 484 A.2d 738 (1984).

robbery as contemplated under section 3701(a)(1)(v). Retail theft cannot become robbery merely because someone to whom property is entrusted observes a theft of that property. This is not to say that there can never be a robbery under section 3701(a)(1)(v) arising out of a retail theft. We hold only that there was no robbery under the facts as presented to this Court.[3]

In conclusion, because we find that the Commonwealth has failed to show that there was a "taking from the person of another" it has failed to prove all the elements for robbery under section 3701(a)(1)(v). Thus, Appellant's conviction for robbery must be reversed. However, since we have determined that Appellant's convictions for theft and receiving stolen property must stand and because Appellant did not challenge his simple assault conviction on appeal, we remand for resentencing on those convictions.

Appellant's conviction for robbery is reversed and the case is remanded to the trial court for resentencing on Appellant's convictions for theft, receiving stolen property and simple assault. Jurisdiction is not retained.

JOHNSON, J., files a concurring statement.

JOHNSON, Judge, concurring:

I join in the Court's determination that appellant has waived his right to argue that he should have been charged with retail theft, rather than with theft by unlawful taking. I also join in the conclusion that the facts here involved are insufficient to sustain a conviction for robbery under 18 Pa.C.S. § 3701(a)(1)(v).

Since the undisputed facts of this case do not involve the physical taking or removal of property from the person of another by force, but involve merely a simple case of

---

**3.** We are precluded from considering whether the facts in the instant case would satisfy the elements for a robbery conviction under any of the other enumerated classes of statutory robbery because Appellant was charged only with third degree felony robbery at trial. *Commonwealth v. Ostolaza,* 267 Pa.Super. 451, 406 A.2d 1128 (1979).

shoplifting, I would reverse without seeking to define the parameters within which a conviction under § 3701(a)(1)(v) might, in the future, be sustained.

I join in the reversal of the robbery conviction and the remand for resentencing.