J-S69014-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RAYMOND WILLIAMS | |
| Appellant | No. 2819 EDA 2013 |

Appeal from the Judgment of Sentence October 2, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010221-2012

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and STABILE, J.

MEMORANDUM BY GANTMAN, P.J.:　　　　　**FILED DECEMBER 12, 2014**

Appellant, Raymond Williams, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions of aggravated assault, robbery, carrying firearms on public streets, and possession of an instrument of crime.[1] We affirm.

The trial court opinion sets forth the relevant facts and procedural history of this case. Therefore, we have no need to restate them.

Appellant raises one issue for review:

> WHETHER…THE TRIAL COURT ERRED WHEN IT FOUND [APPELLANT] GUILTY OF ROBBERY 18 PA.C.S.A. § 3701(A)(1)(II) WHEN THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO ESTABLISH APPELLANT'S GUILT

---

[1] 18 Pa.C.S.A. §§ 2702(a), 3701(a)(1)(ii), 6108, 907(a).

BEYOND A REASONABLE DOUBT OF ROBBERY?

(Appellant's Brief at 7).

Appellate review of a claim challenging the sufficiency of the evidence is:

> [W]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Charles J. Cunningham, III, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the

question presented. (*See* Trial Court Opinion, filed April 10, 2014, at 3-8) (finding: sufficient evidence existed to support robbery conviction, where Appellant approached Complainant, brandished gun, and demanded that Complainant give his money to Appellant; although Complainant knew Appellant and at first laughed at Appellant's demand, Appellant then raised gun to Complainant's face; Complainant responded to threat by grabbing Appellant's neck to disarm Appellant; gun discharged during their fight; Appellant bit Complainant three times on Complainant's arm; Complainant's phone and money ended up on ground during fight; Appellant grabbed Complainant's money and phone from ground and fled; Complainant took possession of gun; Appellant returned and re-engaged Complainant; Complainant struck Appellant with gun handle; Appellant fled again; Complainant went home and had his wife call police; when police arrived at Complainant's home, Complainant gave them Appellant's gun and hat; later, police obtained Appellant's shirt; Appellant's demand, with use of gun, for Complainant's money was attempt to take Complainant's property by force with gun, which gave rise to reasonable inference that Complainant was in fear of immediate serious bodily injury, satisfying Section 3701(a)(1)(ii); although Appellant was not charged with Section 3701(a)(1)(v), Appellant's removal of Complainant's cash and phone from ground constituted Appellant's taking from Complainant's person, which includes unlawful taking

of Complainant's property from his presence or control).[2]   The record supports the court's credibility determinations and decision.  Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2014

---

[2] We note a correction to page 3 of the court's opinion: counsel filed Appellant's untimely post-sentence motion on October **16**, 2013.  We further reject Appellant's hyper-technical application of grammar rules that led to Appellant's mischaracterization of the court's opinion.

# FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

## COURT OF COMMON PLEAS, CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA
: 
: 1658 EDA 2013
v.
:
: P-51-CR-0010221-2012
RAYMOND WILLIAMS



OP-51-CR-0010221-2012 Comm. v. Williams, Raymond
Opinion

7138046441

**OPINION**

**FILED**

APR 1 0 2014

Criminal Appeals Unit
First Judicial District of PA

## STATEMENT OF THE CASE

Defendant is appealing his conviction on the charge of Robbery pursuant to 18 Pa.C.S.A. § 3701(a)(1)(ii), and related charges. Defendant complains that the evidence presented at trial was insufficient to prove his guilt beyond a reasonable doubt and that the verdict was against the weight of the evidence. Defendant's complaints are without merit.

## PROCEDURAL HISTORY

On August 10, 2012, Defendant was arrested and charged with inter alia: Aggravated Assault, Robbery, Firearms Not to be Carried Without a License, Theft by Unlawful Taking, Receiving Stolen Property, Carrying Firearms on Public Streets, Possession of an Instrument of Crime, Terroristic Threats, Simple Assault, and Recklessly Endangering another Person.[1] At the conclusion of Defendant's bench trial on July 22, 2013, he was found guilty of Aggravated Assault, Robbery, Carrying Firearms on Public Streets and Possession of an Instrument of Crime. He was found not guilty on the remaining charges. On October 2, 2013, he was

---

[1] 18 Pa.C.S.A. §§ 2702(a); 3701(a)(1)(ii); 6106(a)(1); 3921(a); 3925(a); 6108; 907(a); 2706(a)(1); 2701(a) and 2705 respectively.

sentenced to a period of confinement in a state correctional facility of 5 to 15 years on the charge of Aggravated Assault. He was also sentenced to concurrent periods of probation of 10 years on the charge of Robbery, 5 years on the charge of Carrying Firearms on Public Streets and 5 years on the charge of Possession of an Instrument of Crime. These periods of probation are consecutive to his incarceration for Aggravated Assault. In sum, Defendant was sentenced to 5-15 years confinement followed by 10 years of probation.

On October 7, 2013, Defendant timely filed the instant *pro se* appeal to the Superior Court of Pennsylvania. On October 10, 2013, Walter C. Chisolm, Esq. was appointed counsel to represent Defendant for the purposes of his appeal. On October 16, 2013, Defendant, through his counsel, filed an untimely Post-Sentence Motion challenging the sufficiency and weight of the evidence presented at Defendant's trial. On November 4, 2013, the Court filed and served on Defendant an Order pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, directing Defendant to file and serve a Statement of Errors Complained of on Appeal within 21 days of the Court's Order. On November 18, 2013, Defendant filed a Motion for Extension of Time to file a Statement of Errors because the notes of testimony had not yet been transcribed. On November 22, 2013, Defendant filed a Statement of Errors and also refiled his previous Motion for Extension of Time. On November 27, 2013, the Court granted Defendant's Motion for Extension of Time and directed him to file a Statement of Errors within 21 days after the notes of testimony became available. The notes of testimony became available on December 6, 2013. Defendant has not subsequently filed a supplemental Statement of Errors. In his Statement of Errors filed on November 22, 2013, Defendant complains:

"12. The evidence was insufficient as a matter of law to establish the defendant's guilt beyond a reasonable doubt on the charge of robbery because there was no evidence that defendant ever physically took or removed property from the person of another by force. The evidence in this case appears to indicate that the alleged property of the complainant

2

was not taken from the complainant's *person*, by force, but instead was allegedly taken from the ground or sidewalk -- apart from the complainant's body or person. Therefore, the strict element of 18 Pa.C.S. 3701 section (a)(1) have not been satisfied."

"13. A new trial should be awarded in the interest of justice because the verdict was against the weight of the evidence. Again, the evidence in this case appears to indicate that the alleged property of the complainant was not taken from the complainant's *person*, but instead was allegedly taken from the ground or sidewalk. Therefore, the strict elements of 18 Pa.C.S. 3701 section (a)(1) have not been satisfied."

## WAIVER

The Pennsylvania Rules of Criminal Procedure (Pa.R.Cr.P.) at Rule 607(A) provides, in pertinent part: "A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." A challenge to the weight of the evidence will be deemed waived if not properly raised pursuant to Pa. R. Cr. P. Rule 607(A). *Commonwealth v. Butler*, 1999 PA Super 58, 729 A.2d 1134, 1140 (1999)

Defendant did not first challenge the weight of the evidence until filing a "Post Sentence Motion" on October 17, 2013. This motion was untimely, however, because: (a) Defendant had already filed his Notice of Appeal to the Superior Court on October 7, 2013, and (b) Pa.R.Crim.P. Rule 720(a)(1) requires Post-Sentence Motions to be filed within ten days of the imposition of sentence, and 14 days had passed since Defendant was sentenced on October 2, 2013. Because Defendant did not raise this issue in accordance with Rule 607(A), it is waived for the purposes of appeal. The Court would further add, however, that Defendant's challenge to the weight of the evidence is duplicative of his challenge to the sufficiency of the evidence and, for the reasons explained in the discussion below, is meritless.

3

## EVIDENCE AT TRIAL

The complainant, Terrance Montague, testified that in the early morning of August 6, 2012, he was buying food at a store in the 300 block of North 52nd Street in the City of Philadelphia. At approximately 1:15 am he left the store and was approached by Defendant, who was holding a gun at his side and covering his face with a shirt. Complainant testified that Defendant told him to "give me all your f----g money", but that Complainant knew Defendant and laughed at his demand. When Complainant asked Defendant if he was "serious" Defendant pointed his gun at his face. In response to this threat Complainant grabbed Defendant by the neck and attempted to take the gun from him. Although the exact chronology is unclear, during the struggle the following events occurred: (1) Defendant bit Complainant three times on the arm, (2) the gun the two were fighting over somehow discharged, although neither man was hit, (3) a phone and cash belonging to Complainant ended up on the ground, and (4) Complainant yelled at bystanders to call the police. (N.T. 7/22/13 pgs. 14-19, 27, 30)

Complainant was eventually able to take to take possession of Defendant's gun, hat, and the shirt he had over his face, at which point Defendant grabbed his money and phone from the ground and fled. Shortly thereafter Defendant returned and attempted to reengage Complainant, who then hit Defendant with the handle of the gun. Defendant again fled. (N.T. 7/22/13 pgs. 18-20)

Complainant, taking Defendant's gun, shirt and hat with him, travelled approximately two blocks to his home. Before entering he noticed that there were police officers in the area. Once inside Complainant also told his wife to call the police. Officers arrived at his home and collected Defendant's gun and hat, returning later to collect the shirt. (N.T. 7/22/13 pgs. 20-21, 33)

4

That evening Complainant received treatment, including a tetanus shot, for the three bites he received from Defendant. He testified at trial that he still feels numbness in his arm as a result of the bites. (N.T. 7/22/13 pgs. 22-25)

Philadelphia Police Officer Reinaldo DeJesus testified that on August 6, 2012 he was on duty in the City of Philadelphia when he received a report of an armed robbery. Officer DeJesus met the complainant at his home, who told him that he had been robbed in the 300 Block of 52nd Street and identified his assailant as a man named Raymond. Mr. Montague provided Officer DeJesus with the gun he had taken from Defendant. Officer DeJesus later returned to Mr. Montague's home to retrieve Defendant's shirt as well. (N.T. 7/22/13 pgs. 39-45)

## DISCUSSION OF THE ISSUE RAISED

I.   **THERE WAS SUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT THAT DEFENDANT WAS GUILTY OF ROBBERY.**

Defendant states that there was insufficient evidence to establish guilt beyond a reasonable doubt on the charge of robbery. This complaint is without merit.

A challenge to the sufficiency of the evidence is a question of law. *Commonwealth v. Widmer*, 560 Pa. 308, 319, 744 A.2d 745, 751 (2000) The test is "whether the evidence, and all reasonable inferences deducible therefrom, viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all the elements of the offense beyond a reasonable doubt." *Commonwealth v. Davalos*, 779 A.2d 1190, 1193 (2001) (*citing Commonwealth v. Hughes*, 536 Pa. 355, 361, 639 A.2d 763, 766 (1994)) If the finder of fact could have reasonably determined from the evidence that all of the necessary elements of the

5

crime were established, then the evidence is deemed sufficient to support the verdict. *Id.* (*citing Commonwealth v. Wood*, 432 Pa.Super. 183, 199, 637 A.2d 1335, 1343 (1994))

Defendant was convicted of robbery pursuant to 18 Pa.C.S.A. § 3701(a)(1)(ii), graded as a felony of the first degree[2], which provides in part that a person commits robbery when in the "course of committing a theft" he "threatens another with or intentionally puts him in fear of immediate serious bodily injury." A theft occurs when one "unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). Section 3701(a)(2) of the robbery statute states that an act is in the "course of committing a theft" if it occurs "in an attempt to commit theft or in flight after the attempt or commission." In other words, it is not necessary that a defendant have successfully completed a theft in order to commit robbery. *See Commonwealth v. Robinson*, 936 A.2d 107, 110 (Pa. Super. 2007)

The phrase "serious bodily injury" is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ." *Commonwealth v. Kubis*, 978 A.2d 391, 398 (Pa. Super. 2009) (*citing Commonwealth v. Hopkins*, 747 A.2d 910, 915 (Pa.Super.2000)) The "threat" of serious bodily injury need not be verbal, and it is sufficient if the evidence shows that the defendant took "aggressive actions that threatened the victim's safety." *Commonwealth v. Hopkins*, 747 A.2d 910, 914 (Pa.Super.2000) (**internal citations omitted**) The Superior Court has said that in making this determination the "proper focus is on the nature of the threat posed by an assailant and whether he reasonably placed a victim in fear of" serious bodily injury. *Id.* Importantly, the finder of fact is "entitled to infer that a victim was in mortal fear when a defendant visibly brandished a firearm." *Id.* at 914-915

---

[2] 18 Pa.C.S.A. § 3701(b)(1)

6

In the instant matter, the Commonwealth presented evidence in the form of testimony from the complainant Terrance Montague that Defendant appeared before Complainant holding a firearm and demanded his money. When asked if he was serious about this demand Defendant pointed the gun at Complainant's face. (N.T. 7/22/13 pgs. 16-17) This demand for money was clearly an attempt to unlawfully take the property of Complainant, i.e. a theft. *See* 18 Pa.C.S.A. § 3921(a) An attempted theft constitutes an activity "in the course of committing a theft" under 18 Pa.C.S.A. §§ 3701(a)(1) and (a)(2). Complainant's testimony that Defendant backed up this threat by brandishing a firearm provides sufficient evidence to show that Defendant put Complainant in fear of immediate serious bodily injury because the finder of fact may "infer that a victim was in mortal fear" in such a case. *Hopkins*, 747 A.2d at 914-915 Therefore, there was sufficient evidence to find Defendant guilty of robbery beyond a reasonable doubt.

Defendant argues in his Statement of Errors, however, that the evidence was insufficient to support his conviction for robbery because he did not forcibly take property from Complainant's "person." But as the Superior Court recognized in *Commonwealth v. Brandon*, 79 A.3d 1192, 1195 (Pa. 2013), taking property "from the person" is not an element of robbery pursuant to 18 Pa.C.S.A. § 3701(a)(1)(ii). Defendant appears to be referring to a different section of the robbery statute, § 3701(a)(1)(v), which provides in part that an individual commits robbery when he "physically takes or removes property from the person of another by force however slight" during a theft. This is a less serious form of robbery (a third degree rather than a first degree felony[3]) that Defendant was not charged with. Nevertheless, even if Defendant had been charged under § 3701(a)(1)(v) there still would have been sufficient evidence to find him guilty of robbery. This is because taking "from the person" includes not only taking from the victim's body but also taking from his or her "presence" or "control." *See Commonwealth v.*

---

[3] 18 Pa.C.S.A. § 3701(b)(1)

7

*Moore*, 343 Pa.Super. 242, 248, 494 A.2d 447, 450 (1985), *Commonwealth v. Shamberger*, 788 A.2d 408, 418 (Pa. Super. 2001) The evidence, as outlined above, is sufficient to show that Defendant took the complainant's property from his presence or control.

## CONCLUSION

The Court finds that in the instant matter the verdict was sufficient as a matter of law to find Defendant guilty beyond a reasonable doubt of the crime of robbery.

BY THE COURT:

April 8, 2014

HON. CHARLES J. CUNNINGHAM, III   J.

8