J-S71011-16

2016 PA Super 267

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ATO LLOYD, | |
| Appellant | No. 3500 EDA 2015 |

Appeal from the Judgment of Sentence November 4, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002915-2015
CP-51-CR-0002916-2015

BEFORE: BOWES, PANELLA AND FITZGERALD,* JJ.

OPINION BY BOWES, J.: **FILED NOVEMBER 29, 2016**

Ato Lloyd appeals from the judgment of sentence of eleven to twenty-three months incarceration plus two years probation imposed following his convictions for robbery and resisting arrest. We affirm.

The Commonwealth adduced the following facts at trial. In the early morning hours of December 2, 2014, Appellant approached a valet-parking booth situated in front of a parking garage attended by Ahmed Indris. Appellant feigned a need for aid from Mr. Indris and entreated him to unlock the booth door. Mr. Indris directed Appellant to a nearby fire station, but Appellant persisted. Mr. Indris eventually succumbed to Appellant's pleas and opened the door to the booth. Appellant then forced his way inside the booth, knocking Mr. Indris to the side with his body. While inside the booth,

* Former Justice specially assigned to the Superior Court.

Appellant obtained a plastic garbage bag and filled it with keys from vehicles parked in the garage. Mr. Indris, fearing for his safety, retreated to the fire department where a fireman contacted police on his behalf. Shortly thereafter, police officers apprehended Appellant. After a brief scuffle, during which two officers were injured, police detained Appellant.

Based on the foregoing, Appellant was charged with theft by unlawful taking, receiving stolen property, and robbery at action number 2915-2015. At action number 2916-2015, Appellant was charged with simple assault, recklessly endangering another person, and resisting arrest. Following a bench trial, the court found Appellant guilty of robbery graded as a third-degree felony and of resisting arrest. He was acquitted of all other charges. The trial court imposed a sentence of eleven to twenty-three months incarceration for robbery, followed by two years probation for resisting arrest. Appellant filed a timely appeal and complied with the trial court's directive to file a Rule 1925(b) statement of errors complained of on appeal. The court then authored its Rule 1925(a) opinion. This matter is now ready for our consideration.

Appellant raises a single issue for our review: "Was not the evidence insufficient to support a conviction for robbery as a felony of the third degree where there was no evidence of a taking from the person of the complainant or that the requisite force was employed?" Appellant's brief at 3.

In reviewing claims challenging the sufficiency of the evidence, our standard of review is well-settled:

> [W]e examine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, support the jury's finding of all the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence.

***Commonwealth v. Doughty***, 126 A.3d 951, 958 (Pa. 2015).

Appellant asserts there was insufficient evidence to convict him of robbery as defined by 18 Pa.C.S. § 3701. In pertinent part, 18 Pa.C.S. § 3701 reads:

(a) Offense defined. –

(1) A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

(iii) commits or threatens immediately to commit any felony of the first or second degree;

(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury;

(v) physically takes or removes property from the person of another by force however slight; or

(vi) takes or removes the money of a financial institution without the permission of the financial institution by making a demand of an employee of the financial institution orally or in writing with

- 3 -

the intent to deprive the financial institution thereof.

(2) An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.

. . .

(b) Grading. –

(1) Except as provided under paragraph (2), robbery under subsection (a)(1)(iv) and (vi) is a felony of the second degree; robbery under subsection (a)(1)(v) is a felony of the third degree; otherwise it is a felony of the first degree.

18 Pa.C.S. § 3701.

Appellant contends that the Commonwealth failed to prove beyond a reasonable doubt that he "removed property from the person of another by force however slight." *Id*. at (a)(1)(v). He notes that he did not take the keys from Mr. Indris's immediate person, but from the wall of the valet booth. Appellant observes that no struggle between himself and Mr. Indris occurred while he was removing the keys. Therefore, Appellant continues, the Commonwealth did not prove that he utilized force in obtaining the keys.

In support of his position, Appellant relies on *Commonwealth v. Moore*, 494 A.2d 447 (Pa.Super. 1985). In *Moore*, the defendant entered a supermarket, retrieved a steak from the meat counter, and placed it under his jacket. As Moore attempted to leave, a plainclothes store security officer who had witnessed Moore conceal the steak identified himself to the

defendant. Moore was apprehended while attempting to flee. The Commonwealth charged Moore with, *inter alia*, third-degree felony robbery, and subsequently, he was found guilty of that crime.

On appeal, Moore argued, in part, that the evidence was insufficient to sustain his conviction for robbery graded as a third-degree felony since § 3701(a)(1)(iv) requires that the theft of property must be from the person of another. This Court agreed with the defendant. We found that a contrary perspective "would lead to the absurd result that a robbery would result every time a retail theft is observed by a store security guard or employee." *Id*. at 450. We reasoned that such an occurrence was not in keeping with robbery as contemplated under § 3701, stating "[r]etail theft cannot become robbery merely because someone to whom property is entrusted observes a theft of that property." *Id*.

Nevertheless, even in determining that a robbery pursuant to § 3701 had not occurred under the facts presented in *Moore*, *supra*, we found that case law pertaining to common law robbery was, in fact, applicable to our current statute. *See Commonwealth v. Brown*, 484 A.2d 738 (Pa. 1984) (finding that § 3701 reinstated the two common law standards of robbery under one crime). We observed that a robbery may be committed by a taking from the presence of another as well as from the person's body, declaring "common sense dictates that a person need not be in actual

physical possession of property to have it taken from his person[.]" ***Moore***, ***supra***, at 450.[1]

When viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we find it sufficient to sustain the trial court's finding that Appellant took the keys from Mr. Indris's person. Mr. Indris was entrusted with protecting the keys at issue. In order to gain access to those keys, Appellant deceived Mr. Indris into unlocking and opening the valet booth, and physically pushed past him. Despite fearing for his safety, Mr. Indris initially remained in the booth and attempted to dissuade Appellant from taking the keys. Unlike the security guard in ***Moore***, Mr. Indris was not a mere observer of the crime in question. Rather, Mr. Indris had exercised dominion, control, and possession over the keys when Appellant took them in his presence. Consistent with our standard of the law in ***Moore***, these facts were sufficient to establish that Appellant took property from Mr. Indris's person.

Appellant's argument that he did not rely on force in taking the keys since he did not struggle with Mr. Indris, nor did Mr. Indris retaliate, is also misguided. It is well-settled that "[a]ny amount of force applied to a person

---

[1] Similarly, in ***Commonwealth v. Shamberger***, 788 A.2d 408, 418 (Pa.Super. 2001), we found that property taken in a victim's presence, and under his immediate control, constituted theft from "the person" for purposes of grading under the theft statute. ***See*** 18 Pa.C.S. § 3903.

while committing a theft brings that act within the scope of the robbery statute." **Commonwealth v. Bedell**, 954 A.2d 1209, 1213 (Pa.Super. 2008) (citation omitted). In addition, "the degree of force is immaterial, so long as it is sufficient to separate the victim from his property in, on or about his body." **Id**. (citation omitted).

When viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we find it supports a finding that Appellant took the keys with force. Appellant gained entry to the valet-booth by using his body to physically remove Mr. Indris from the entrance. In so doing, Appellant forcefully separated Mr. Indris from the keys under his protection. **Bedell**, **supra**. Thus, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2016