J-S38033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JAMAL WILLIAMS | |
| Appellant | No. 1708 EDA 2016 |

Appeal from the Judgment of Sentence May 18, 2016
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0011845-2015

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:               **FILED JULY 10, 2017**

Appellant, Jamal Williams, appeals from the judgment of sentence imposed after the trial court found him guilty of robbery, a felony of the third degree,[1] and attempted theft by unlawful taking.[2] Appellant claims the evidence was insufficient to sustain his robbery conviction because he did not take or remove property from the victim. We reverse the robbery conviction, vacate the judgment of sentence, and remand this case for resentencing.

The trial court summarized the evidence presented at trial as follows.

> On October 19, 2015, Arneatha Branch-Chenery, a 77-year old woman, was at Beneficial Bank at 6401 Woodland Avenue in Philadelphia withdrawing money from her

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1)(v).

[2] 18 Pa.C.S. § 901(a).

account. She observed [Appellant] standing at the exit door. Upon completing her transaction and putting her cash away, Ms. Branch exited the bank through that door and headed in the direction of her parked car. [Appellant] then approached Ms. Branch from behind, with his hands in his pockets, and demanded money from her. Ms. Branch was fearful that [Appellant] was concealing a weapon in his pocket. [However, Ms. Branch testified she never saw a weapon. Appellant never put his hands on Ms. Branch, nor did Appellant lunge at her. There was about two to three feet between Appellant and Ms. Branch.] Ms. Branch told [Appellant] to get away from her and she went back into the bank. [Appellant] turned around and followed her back into the bank.

Once inside the bank, Ms. Branch told a teller about the incident. [Appellant] had returned to his position at the door. The teller told her supervisor, who then called the police. Officer Mosel[e]y[3] #2500 testified that he responded to the radio call for assistance at Beneficial Bank. Upon arriving at the scene, Officer Mosel[e]y spoke with Ms. Branch, who was visibly shaken up. Ms. Branch reported to Officer Mosel[e]y that she completed her transaction at the bank and while on her way out, a gentleman inside the bank approached her and demanded money. Ms. Branch then gave a statement to Detective [Matthew] Carey and identified [Appellant] in a photo array.

Trial Ct. Op., 10/20/16, at 1-2 (record citations and footnotes omitted).

Following a nonjury trial, the trial court found Appellant guilty of robbery and attempted theft. On May 18, 2016, the trial court sentenced Appellant on the robbery charge to one-and-one-half to three years' imprisonment followed by three years' probation, with no further penalty for attempted theft.

---

[3] Officer Moseley's first name is not apparent in the record.

Appellant timely appealed from the judgment of sentence, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following question for review:

> Was not the evidence insufficient to support a conviction for robbery as a felony of the third degree (18 Pa.C.S. § 3701(a)(1)(v)), where there was no evidence that anything was taken from the person of the complainant?

Appellant's Brief at 3.

Appellant argues there is insufficient evidence to sustain his conviction for robbery under section 3701(a)(1)(v) because the Commonwealth failed to prove a taking or removal of property from the victim's person. We agree.

When reviewing a challenge to the sufficiency of the evidence,

> [t]he standard we apply . . . is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact[,] while passing upon credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Talbert*, 129 A.3d 536, 542-43 (Pa. Super. 2015), *appeal denied*, 138 A.3d 4 (Pa. 2016) (citation omitted).

The Crimes Code provides: "[a] person is guilty of robbery if, in the course of committing a theft, he . . . (v) physically takes or removes property from the person of another by force however slight . . . ." 18 Pa.C.S. § 3701(a)(1)(v). "Force however slight" occurs when the victim is actually compelled to part with the conscious control of her property. *See Commonwealth v. Brown*, 484 A.2d 738, 741-42 (Pa. 1984) (grabbing purse from victim's shoulder constitutes force).

Two decisions illustrate the element of "physically tak[ing] or remov[ing] property from the person of another[.]" *See Commonwealth v. Moore*, 494 A.2d 447, 449 (Pa. Super. 1985); *Commonwealth v. Lloyd*, 151 A.3d 662, 664 (Pa. Super. 2016); 18 Pa.C.S. § 3701(a)(1)(v). In *Moore*, a grocery store security officer witnessed the defendant take a steak from the meat counter. *Moore*, 494 A.2d at 448. The defendant argued that, because robbery requires a theft of property from the person of another, there was insufficient evidence to sustain his conviction. *Id.* at 449. This Court agreed and reversed the robbery conviction, reasoning that: "[I]n interpreting the phrase 'taking from the person of another' under section 3701(a)(1)(v), we are aware that we are bound to accept the plain meaning of a statute and are not free to discard that plain meaning to achieve some desired result." *Id.* (citation omitted).

In **Lloyd**, the defendant was convicted under section 3701(a)(1)(v) for pushing past a parking attendant and taking car keys from the wall of a parking garage valet-booth. **Lloyd**, 151 A.3d at 664-65. Citing **Moore**, the defendant argued that the evidence was insufficient because he did not take the keys from the parking attendant's person but rather the wall of the valet-booth. **Id.** at 664-65. This Court held that, unlike the security officer in **Moore**, the parking attendant was not a mere observer of the crime, but instead had exercised dominion and control over the keys when the defendant used force to take them away. **Id.** at 665. Therefore, we affirmed the defendant's conviction under section 3701(a)(1)(v). **Id.** at 666.

In this case, the Commonwealth failed to prove the elements of force or "tak[ing] or remov[ing]." **See** 18 Pa.C.S. § 3701(a)(1)(v). Appellant never touched the victim, let alone removed the victim's money from her person or control. **See Lloyd**, 151 A.3d at 665. The victim refused to succumb to Appellant's demands and told Appellant to get away from her. The fact that Appellant put his hands in his pockets did not establish "force however slight," as it did not compel the victim to hand over her money. **See Brown**, 484 A.2d at 741-42. Thus, finding the evidence sufficient would be wholly inconsistent with the language and purpose of section 3701(a)(1)(v). **See Moore**, 494 A.2d at 449-50.

Because we reverse the conviction for robbery, we have upset the trial court's sentencing scheme and the case must be remanded for resentencing on attempted theft. *See Commonwealth v. Wilson*, 67 A.3d 736, 745 n.11 (Pa. 2013).

Conviction for robbery reversed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2017