J-S63009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| MICHAEL ALLEN PEARSON | | |
| Appellant | | No. 1522 WDA 2016 |

Appeal from the Judgment of Sentence August 19, 2016
In the Court of Common Pleas of Cameron County
Criminal Division at No(s): CP-12-CR-0000056-2015

BEFORE:  BOWES, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                **FILED  DECEMBER 12, 2017**

Michael Allen Pearson appeals from the judgment of sentence of an aggregate fine of $650 plus court costs imposed following his bench conviction of five summary offenses:  reckless driving; driving vehicle at unsafe speed; driving on roadways laned for traffic; driving without a license; drivers required to be licensed; and driving while operating privilege suspended or revoked.  We affirm.

On the evening of September 10, 2015, Emporium Borough Police Officer Patrick Straub engaged Appellant in a high-speed vehicle pursuit in Cameron County, Pennsylvania.  The chase terminated when Officer Straub lost control of his vehicle on a mountain road and collided with an embankment.  The road, known, alternatively, as State Route 3001, South

Mountain Road, and Whittimore Hill Road, follows the tortuous contours of South Mountain, which is a ridge that forms the southern border of the Borough of Emporium. Officer Straub apprehended Appellant the following day at his place of employment and charged him with seven violations of the vehicle code, including fleeing or attempting to elude a police officer graded as a felony of the third degree. While a jury acquitted Appellant of the felony offense, the trial court convicted him of the five summary violations listed above.

Although Officer Straub's pursuit of Appellant was brief, we look at it from the perspective of three separate witnesses: Emporium Borough Police Chief David Merritt, Pennsylvania State Police Trooper Josiah Reiner, and Officer Straub. First, Chief Merritt testified that, on the evening of September 10, 2015, he observed Appellant, whom he has known for approximately fifteen years, operating a vehicle on Sycamore Street in Emporium. *See* N.T., 8/19/16, at 24. Chief Merritt lived on the corner of Sycamore Street and South Wood Street and from his front porch, he noticed Appellant drive down Sycamore, park in the middle of the street, exit the vehicle, enter a nearby residence, return to the vehicle, and drive away. *Id* at 26. There was no question in his mind that Appellant was the person operating the automobile. *Id*. at 25-26. The witness was familiar with Appellant's driving history and knew that Appellant's driving privileges had been suspended. *Id*. at 26. Chief Merritt immediately contacted Officer

Straub, who was patrolling the area, advised him that Appellant was driving a gold or beige colored SUV, and informed the officer of Appellant's location so that Officer Straub could initiate a traffic stop for the violation. *Id*. at 27. From his perspective of the ensuing chase, Chief Merritt observed Appellant "turn right onto South Broad Street . . . and travel south, and immediately behind him [he] saw [Officer Straub's] marked patrol car and heard both vehicles accelerate" down South Broad Street, across the South Street Bridge, and begin the steep ascent up South Mountain Road. *Id*. at 28. The witness observed the pursuit down Broad Street, but, his view was blocked intermittently by houses located on Broad Street. *Id*. at 29-30, 31-33.

Next, Officer Straub testified that on September 10, 2015, he was traveling northbound on South Broad Street in Emporium, when he received the call from Chief Merritt advising him that he observed Appellant operating a motor vehicle near the intersection of Second Street and South Broad Street. *Id*. at 35. As Chief Merritt was describing Appellant's vehicle and reporting its location, Officer Straub viewed in his rearview mirror Appellant's car turn onto South Broad Street and precede south toward South Mountain. *Id*. at 36. Officer Straub executed a U-turn and initiated pursuit. *Id*. at 37. As Officer Straub approached Appellant's car, he observed Appellant travel into the oncoming lane of traffic in order to negotiate a turn. *Id*. When Officer Straub illuminated his emergency lights, Appellant accelerated away from the pursuit. *Id*. Officer Straub radioed Elk

County Control to advise of the situation, activated his siren, and pursued Appellant's vehicle for approximately one-half mile as it started the ascent up South Mountain Road. *Id*. at 37-38. He periodically lost direct sight of the vehicle as Appellant maneuvered the sharp curves, but he was able to follow the illumination of Appellant's headlights and taillights as he traveled up South Mountain Road. *Id*. at 52-53. Officer Straub explained that Appellant would drive on the wrong side of the road in order to maintain speed through curves. *Id*. at 62. Shortly thereafter, Officer Straub failed to negotiate a hairpin turn and crashed the patrol vehicle. *Id*. at 39. According to Officer Straub, the incident occurred on a clear night and the roads were dry. *Id*. at 62.

When Appellant was apprehended the following day, he volunteered to Officer Straub that he had been driving the previous night due to necessity. *Id*. at 43-46. "He stated that his license was suspended and that he had to drive because he had children." *Id*. at 43. He continued "that his wife would drop him off at work, but during his shift she would drop the vehicle off so he could drive home at the end of his shift." *Id*. at 44. He also contested that the police officer activated his emergency lights in an attempt to initiate a stop. Officer Straub recounted, "He stated that my lights and siren weren't on, and I stated to him that they were and I pursued him up South Mountain Road." *Id*. at 46.

Pennsylvania State Police Trooper Josiah Reiner witnessed part of the chase, and he was present when Appellant volunteered the incriminating statement. He testified that he was patrolling in Emporium near the intersection of East Second Street and Broad Street when he observed a vehicle turn from West Second Street on to southbound Broad Street. He continued, "a few seconds [later] I observed the Emporium Borough police car" follow the vehicle, and activate its lights in order to initiate a traffic stop. *Id*. at 67. At that point, the vehicle accelerated across the South Broad Street bridge and started up the hill. *Id*. Officer Straub activated the siren on his patrol vehicle and followed, "and [Trooper Reiner] in turn followed that police car." *Id*. at 67. He heard Officer's Straub's radio call to Elk County Control advising of the chase, and then heard an aborted transmission that was apparently terminated by the collision. *Id*. at 69.

As it relates to the pre-*Miranda* statements Appellant made to officer Straub, Trooper Reiner recalled "Officer Straub notified [Appellant] again of the reason why he was arrested. And [Appellant] made several incriminating remarks about how he needs to drive to do work every day; he needs to support his family; he needs to do this, that and the other thing." *Id*. at 73.

The trial court denied the ensuring motion to suppress the incriminating statements and a related motion in *limine*. As noted, *supra*, a jury acquitted Appellant of attempting to elude a police officer, and the trial court convicted him of five summary traffic violations. Appellant filed a

- 5 -

timely appeal challenging the sufficiency of the evidence supporting three of the five convictions.

Appellant presents the following question for our review: "Whether . . . the evidence was insufficient for the trial court to find [Appellant] guilty of the summary offenses of reckless driving, driving vehicle at [un]safe speed, and driving on roadways laned for traffic?" Appellant's brief at 7. Appellant does not challenge the sufficiency of the evidence supporting his convictions for driving without a license and driving with a suspended license. For the following reasons, no relief is due.

We apply the following standard of review of Appellant's assertion that the evidence was insufficient to sustain the verdicts against him:

> [W]e examine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, support the jury's finding of all the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence.

***Commonwealth v. Lloyd***, 151 A.3d 662, 664 (Pa.Super. 2016).

Appellant's first argument relates to identification. Stated plainly, he argues that the Commonwealth failed to adduce evidence to demonstrate beyond a reasonable doubt that he was operating the motor vehicle on the evening of September 10, 2015. The crux of this contention is that Officer Straub did not positively identify Appellant as the driver. This claim fails for at least two reasons. First and foremost, Appellant admitted to operating

the vehicle on the night in question, and Officer Straub and Trooper Reiner both confirmed Appellant's admission. Second, Police Chief Merritt did, in fact, positively identify Appellant, whom he has known for approximately fifteen years. He identified Appellant both inside and outside of the vehicle, and relayed all of the pertinent information to Officer Straub. Indeed, Chief Merritt confirmed that he was certain Appellant was the person operating the automobile. Moreover, Chief Merritt testified that he not only witnessed Appellant drive from Sycamore Street to South Broad Street, he also observed a portion of Officer Straub's pursuit of Appellant on South Broad Street and heard both vehicles accelerate across the bridge. We reject Appellant's contention that the forgoing identification evidence was deficient notwithstanding the fact that Officer Straub did not positively identify Appellant during the chase and that Chief Merritt's view of the action was obstructed intermittently.

Appellant's second argument relates to the reckless driving conviction. That offense is defined as follows: **"(a) General rule.**—Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving." 75 Pa.C.S. § 3736(a). Appellant contends that the Commonwealth failed to adduce evidence concerning the nature of his driving. Again, we disagree.

During the trial, Officer Straub testified that Appellant accelerated away from him when he attempted to initiate a traffic stop and that he

crossed into the oncoming lane of traffic when he attempted to navigate a curve prior to their ascent up South Mountain. Indeed, the officer explained that, while he was able to stay on the right side of the twisty roadway (except for the one hairpin turn he could not), "[Appellant] was driving on the wrong side of the road to maneuver the curves faster." N.T., at 62. Appellant clearly disregarded the possibility of encountering oncoming traffic or an unforeseen obstacle behind the next curve in the roadway. Under the totality of the circumstances, and viewed in the light most favorable to the Commonwealth as verdict winner, we find that the evidence is sufficient to demonstrate the reckless nature of Appellant's driving. ***See Commonwealth v. Best***, 120 A.3d 329 (Pa.Super. 2015) (testimony that driver admitted entering opposite lane of travel, is sufficient to support conviction for reckless driving). Hence, no relief is due.

Appellant's next argument relates to the crime of driving at an unsafe speed. That offense entails,

> No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around curve, when approaching a hill crest, when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions

75 Pa.C.S. § 3361.

Appellant argues that the Commonwealth did not present evidence to establish the posted speed limits or the condition of the roadways when the chase occurred. The Commonwealth counters that its evidence established that Appellant drove his vehicle at a speed that exceeded what was reasonable and prudent under the circumstances. We agree.

Contrary to Appellant's protestations, the posted speed limit is irrelevant under § 3361. In *Commonwealth v. Heberling*, 678 A.2d 794 (Pa.Super. 1996), we noted that the focus of the § 3361 inquiry is on the circumstances surrounding the operation of a vehicle and not excessive speed *per se*. *Id*. at 796. We explained, "[t]here must be proof of speed that is unreasonable or imprudent under the circumstances (of which there must also be proof), which are the 'conditions' and 'actual and potential hazards then existing' of the roadway." *Id*. We identified the conditions regarding the roadway itself as the most relevant consideration, "e.g., whether four-lane, interstate, or rural, flat and wide, or narrow and winding over hilly terrain; smooth-surfaced, or full of potholes; clear, or under construction with abrupt lane shifts."

Instantly, Officer Straub testified at length about Appellant's acceleration up the tortuous mountain road that was inundated with dangerous curves, which Appellant elected to navigate on the wrong side of the road for the sake of maintaining his speed. While Officer Straub also

testified that it was a clear, dry night, those conditions did not negate the fact that, despite being the more cautious of the two drivers, he collided with an embankment on a hairpin turn. We are satisfied that the Commonwealth's evidence sustained the conclusion that Appellant drove his vehicle at a speed greater than a reasonable and prudent person would under the existing conditions.

Finally, we address Appellant's assertion that the evidence will not sustain the finding that he violated what the Motor Vehicle Code defines as driving on roadways laned for traffic. Pursuant to that section:

> Whenever any roadway has been divided into two or more clearly marked lanes for traffic the following rules in addition to all others not inconsistent therewith shall apply:
>
> (1) Driving within single lane.—A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety.

75 Pa.C.S. § 3309.

Appellant complains that the Commonwealth failed to prove beyond a reasonable doubt that the pertinent roadways were marked with lanes or that Appellant created a safety hazard by crossing into the lane designated for oncoming traffic. No relief is due. First, Appellant does not cite any legal authority for his proposition that the Commonwealth was required to demonstrate, as an element of the offense, that South Broad Street and/or State Route 3001, a/k/a South Mountain Road a/k/a Whittimore Hill Road,

are in fact marked. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *In re W.H.*, 25 A.3d 330, 339 n.3 (Pa.Super. 2011). As Appellant failed to cite relevant case law, develop his legal argument, or apply the law to the facts of the case regarding this contention, it is waived. *Commonwealth v. Wise*, 2017 WL 4079782, at *5 (issue waived where appellant provided vague, undeveloped argument and neglected to cite to controlling case law).

While Appellant also failed to support with relevant legal authority the component of his argument relating to the nature of the transgression, *i.e.*, whether he left the lane in an unsafe manner, we are cognizant that our jurisprudence would not permit sanction for a *de minimis* offense. Thus, we address the merits of this contention and reject it.

As the Commonwealth accurately observes, the certified record highlights the danger Appellant created by choosing to drive against the right of way simply in order to maintain his speed up the twisty mountain road. As we noted, *supra*, Appellant clearly disregarded the possibility of oncoming traffic or encountering an unforeseen obstacle in the roadway. Under the totality of the circumstances, and viewed in the light most favorable to the Commonwealth as verdict winner, the evidence is sufficient. *See Best*, *supra* at 344 (testimony that appellant admitted entering the

opposite lane of travel, is sufficient to support appellant's conviction for driving on roadways laned for traffic).

For all of foregoing reasons, we find that the Commonwealth adduced sufficient evidence to sustain the summary offenses of reckless driving, driving vehicle at unsafe speed, and driving on roadways laned for traffic.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2017